# Ex parte LESLIE DICKERSON.

No. A-9749.   Oct. 12, 1939.
(94 P. 2d 951.)

Sid White, of Oklahoma City, for petitioner.

Mac Q. Williamson, Atty. Gen., Sam Lattimore, Asst. Atty. Gen., and Lewis R. Morris, Co. Atty., and Walter Marlin, Asst. Co. Atty., both of Oklahoma City, for respondent.

DAVENPORT, J. The petition for writ of habeas corpus is based upon the following facts as shown by the petition and response to a rule to show cause why the writ should not issue:

"Comes now the petitioner showing to the court:

"That this petitioner Leslie Dickerson is a minor, born on the 15th day of January, 1921, and that Edna Potter, nee Dickerson, who joins him herein is his mother and next friend.

"That heretofore and on December 23, 1936, the county attorney of Oklahoma county, Okla., charged or attempted to charge the petitioner Leslie Dickerson before Leo B. White, a justice of the peace, by preliminary information with the offense of burglary in the second degree, alleged to have been committed on the 17th day of December, 1936.

"That thereafter and on the 9th day of January, 1937, said justice of the peace filed with the clerk of the district court of Oklahoma county, Okla., his transcript certifying that the said Leslie Dickerson had waived a preliminary hearing upon said charge.

"That then immediately the county attorney of Oklahoma county, Okla., filed with the clerk of the district court of Oklahoma county, Oklahoma, an information

charging or attempting to charge this petitioner with the offense of burglary in the second degree.

"That thereafter and on the 17th day of February, 1937, without any hearing or inquiry to determine the mental status of this petitioner, Honorable George H. Giddings, one of the Judges of said district court of Oklahoma county, Okla., permitted and accepted his plea of guilty, rendered judgment thereupon and by virtue thereof, the respondent Fred Hunt, warden of the State Reformatory at Granite, Okla., is now holding the petitioner confined in said penal institution.

"That said judgment is void and said confinement and restraint without authority of law for:

"That said justice of the peace was without jurisdiction to entertain said preliminary information or to commit this petitioner for trial in the district court.

"That the county attorney of Oklahoma county was without authority of law to file any information in the district court of Oklahoma county, Okla., predicated upon said justice's transcript.

"That the district court of Oklahoma county, Okla., acquired no jurisdiction over the person of this petitioner by reason of said proceedings and was without authority of law to render any judgment based thereupon.

"That the records and files in the district court of Oklahoma county, Okla., fail to disclose any preliminary hearing accorded this petitioner before the Juvenile court of Oklahoma county, Okla.

"That this petitioner was never certified by the juvenile court of Oklahoma county, Okla., to the district court of Oklahoma county, Okla., for trial as by law required.

"That therefore, said district court of Oklahoma county, Okla., never had or acquired any jurisdiction of the person of this petitioner.

"Wherefore, petitioner prays:

"That the writ of habeas corpus issue herein and that upon the trial thereof petitioner's confinement and incarceration be declared unlawful and he be restored to his freedom."

It is not disputed that petitioner was under the age of 16 years at the time he was incarcerated; and the petitioner insists that his imprisonment in the State Reformatory at Granite is unlawful, and the said restraint is illegal for the reason that the district court of Oklahoma county had no jurisdiction at the time judgment was pronounced and said sentence imposed; that no certificate was filed with the district court by the juvenile court showing that the petitioner had had a preliminary hearing before the juvenile court, and that the juvenile court had found that he was competent to know the wrongfulness of his acts, and that the juvenile court had reason to believe, and did believe, that there was probable cause to believe him guilty.

In other words, the record fails to show that any certificate of a preliminary hearing or finding made by the juvenile court was filed in the district court of Oklahoma county, before the information was filed.

There is no dispute as to the age of the petitioner at the time he was incarcerated; and the state does not insist that the juvenile court had filed a certificate of a preliminary hearing in the district court, showing the necessary facts as provided by section 1729, O. S. 1931, as amended by the Session Laws 1935, chapter 14, art. 1, p. 8 of said Session Laws, 10 Okla. St. Ann. § 101.

It is insisted by the petitioner that the purported transcript of the justice of the peace filed in the district court is void, and did not give the district court jurisdiction, where it is undisputed that petitioner is under the age of 16 years at the time the purported hearing was held.

In re John Powell, 6 Okla. Cr. 495, 120 P. 1022, 1023, the court, in considering a similar question to the one involved in this case, held as follows:

"Under the provisions of this act, the juvenile courts are the only courts having jurisdiction to commit chil-

dren to the training school for boys, and are the only courts having jurisdiction to hear and determine complaints against children under 16 years of age for the infraction of any penal statute whatever, until after such juvenile court shall have held the child to be tried in the manner hereinbefore set out. This act repeals sections 8539 and 8543 of Snyder's Statutes, 10 Okla. St. Ann. § 257, and provides complete proceedings for the disposition of cases arising hereunder."

In Ex parte Jack Parnell, 19 Okla. Cr. 273, 200 P. 456, this court in the first syllabus stated:

"The act of March 24, 1909 (Laws 1909, c. 14, art. 8), creating the juvenile court and prescribing the jurisdiction thereof, places the jurisdiction to inquire into the matter of the probable guilt and capacity of a juvenile offender to commit crime under the sole original jurisdiction of the county court. In such a case a justice of the peace has no jurisdiction to hold a preliminary hearing, and the district court has no jurisdiction to proceed against a child charged with a felony until after the juvenile court has affirmatively found that the child was in fact capable of committing the crime charged and that there was probable cause to believe him guilty."

In Ex parte Dora Bonitz, 30 Okla. Cr. 45, 234 P. 780, this court in the third paragraph of the syllabus stated:

"Under the provisions of the statute establishing juvenile courts and prescribing their jurisdiction and control of delinquent children (sections 8070 to 8089, C. S. 1921, 10 Okla. St. Ann. §§ 101-114, 350, 355), a child under 16 years of age cannot be guilty of the commission of a crime except in cases wherein it is shown and determined by the juvenile court of the county wherein the crime is alleged to have been committed, that such child knew the wrongfulness of his acts at the time they were committed, and such a determination is a necessary prerequisite to the jurisdiction of the district court to try a child under the age of 16 years upon an information charging a felony."

In Wilson v. State, 65 Okla. Cr. 10, 82 P. 2d 308, in the second paragraph of the syllabus, the court stated:

"Before a district court can obtain jurisdiction to try a male child under 16 years of age, or a female under the age of 18 years, who are charged with a felony, it is necessary for a preliminary hearing to be held by the juvenile court, and for this court to certify to the district court its findings that the child was in fact capable of committing the crime charged, and there was probable cause to believe him or her guilty."

The question here before this court is whether the district court of Oklahoma county or the officers of the court issuing the process under which the defendant is detained had jurisdiction of the defendant and the subject matter involved, and acted within that jurisdiction in issuing and serving the commitment, incarcerating the defendant in the State Reformatory at Granite; or, in other words, whether the district court had jurisdiction to try the defendant, an infant under the age of 16 years, without first having filed in the district court clerk's office, where the charge was pending against him, a certificate of a preliminary investigation by the juvenile court of Oklahoma county, showing the probable guilt of the defendant and his capacity to commit the crime.

As to all juvenile offenses, the district court is a court of limited or special jurisdiction, and not a court of general jurisdiction. 23 Cyc. 108, and cases therein cited; 15 R.C.L. 883; Furgeson v. Jones, 17 Ore. 204, 20 P. 842, 3 L.R.A. 620, 11 Am. St. Rep. 808.

The defendant in this case was an infant under the age of 16 years, and without the advantage of advice of counsel, guardian or parent. He was charged with and arrested for burglary in the second degree. He was arraigned on December 26, 1936; and on December 29, 1936, waived preliminary hearing to the charge of burglary in the second degree.

The record of the district court of Oklahoma county fails to show that there was filed in the district court of Oklahoma county a certificate of a hearing from the

juvenile court, showing the defendant competent to know the wrongfulness of his acts, and that there was probable cause to believe that he had committed the crime.

Without this proceeding of the juvenile court being filed in the district court, the district court was without jurisdiction to pass on the defendant's case, receive a plea, and sentence him to the State Reformatory at Granite, Okla.

The application for a writ of habeas corpus is, for the reasons stated in this opinion, allowed; and the warden of the penitentiary at Granite is ordered and directed to hold petitioner, Leslie Dickerson, for a period of 10 days to permit the juvenile court of Oklahoma county to take charge of and exercise jurisdiction over him as provided by law; and upon the failure of said juvenile court so to act within said period, the warden is directed to discharge and liberate said petitioner, Leslie Dickerson.

DOYLE, P. J., and BAREFOOT, J., concur.