James Franklin **FAIN**, Appellant,

v.

The **STATE** of Oklahoma, Appellee.

No. A–17261.

Court of Criminal Appeals of Oklahoma.

Nov. 8, 1972.

Andrew T. Dalton, Jr., Tulsa, for appellant.

Larry Derryberry, Atty. Gen., Fred Anderson, Asst. Atty. Gen., Mike Jackson, Legal Intern, for appellee.

OPINION

BRETT, Judge:

This is an appeal from an Order Revoking a Suspended Sentence. 22 O.S.1971, § 991b.

Appellant, James Franklin Fain, hereinafter referred to as defendant, was convicted on a plea guilty in the District Court of Tulsa County, Case No. 21,039, of second degree burglary. On September 8, 1969, defendant was sentenced to three years imprisonment, with the sentence suspended on certain conditions imposed by the court and made a part of the record.

On October 1, 1971, an application to revoke the suspended sentence was filed, alleging as grounds, (1) that defendant had been associating with undesirable characters, (2) that defendant had been keeping hours later than his curfew hours, (3) and that defendant had failed to have steady or regular employment. A hearing was held on the application on October 28, 1971, with the defendant present and represented by counsel.

At the hearing two probation officers testified that the defendant had failed to submit two monthly reports, that defendant had not been steadily employed, and that defendant had not reported an address change. A Tulsa County deputy sheriff and assistant district attorney testified that on January 29, 1971, at approximately 1:00 A.M., they were attempting to execute an arrest warrant for an individual at a Tulsa residence where they observed the defendant in the company of known police characters. The deputy also testified that in his opinion defendant was under the influence of amphetamines.

For the defendant, Judith Ann Fain testified that she and defendant were married September 23, 1971, in San Bernardino, California. A purported marriage license to that effect was introduced into evidence. Mrs. Fain testified that the defendant had been unable to keep regular employment due to the harassment practices of defendant's nephew, a police officer, who wanted to use defendant as an informer. She testified that the defendant had attempted to avoid association with criminals and that was the reason they had moved from his mother's home to another residence.

The defendant testified that he had made two monthly reports which were apparently missing, but that he had given them to his mother to mail, and she had neglected to do so. Defendant stated that he had had various jobs during his probation, and that most recently the company for which he was steadily employed had ceased doing business. Defendant then testified that he and his wife had not been to California to get married, and that the marriage license was false. Defendant explained they had used the false document in order that she might visit him in the county jail. Defendant's wife was recalled and testified that she and defendant had not been to California to get married.

The court found that defendant had violated four of the conditions of his probation, which require that a probationer (1) will file a monthly report to a probation officer, (2) that probationer will not use intoxicants or narcotics or be in places where such are used, (3) that probationer will not leave the county or state, or change employment or residence, without permission of a probation officer, and (4) that probationer will not marry without consulting with a probation officer.

▮▮▮ We find no merit to defendant's first contention that the evidence was insufficient to support revocation. It is apparent that the court had before it competent evidence from which it could conclude that the defendant had violated the conditions of his probation. Although the evidence may not have established a heinous criminal action by the defendant, it need only be shown by preponderance of the evidence that the conditions of probation have been violated in order to warrant revocation. Carson v. State, Okl.Cr., 493 P.2d 1397 (1972). The decision to grant probation lies with the trial court and thus, the decision to revoke also lies with the trial

court, which may do so in its sound discretion in accord with statutory requirements and considerations of fundamental fairness. In re Collyar, 476 P.2d 354 (1970). 22 O.S.1971, § 991b.

Defendant further contends that the revocation and his incarceration must be set aside because he has been denied the constitutional right to a speedy trial. Defendant alleges that the burglary charge was filed against him in 1965. That charge remained pending against him while he was incarcerated in Illinois. It was not until he had satisfied his Illinois sentence and returned to Tulsa that the state sought to try him on the burglary charge. The defendant argues, citing Smith v. Hooey, 393 U.S. 374, 89 S.Ct. 575, 21 L.Ed.2d 607 (1969), that his incarceration outside of Oklahoma does not abrogate the duty of the State of Oklahoma to bring him to a speedy trial.

Although an accused is entitled to a speedy trial, the failure to claim a denial of such right at the proper time may constitute waiver. It is the general rule that when an accused enters a plea of guilty he waives any objection which he might have raised to any irregularity. Ledgerwood v. State, Okl.Cr., 455 P.2d 745 (1969). In Rodgers v. State, Okl.Cr., 483 P.2d 1375 (1971), this Court held that "the unqualified plea of guilty waived any objection the defendant might have to denial of speedy trial. The right to a speedy trial is a personal right and as such may be waived." Accordingly, we find that the defendant's failure to raise the issue of denial of a speedy trial before he entered his plea, waives that right, and that he cannot successfully urge such denial on appeal of his probation revocation.

Having considered defendant's contentions and finding them without merit, we conclude that the order of revocation should be and the same is hereby, affirmed.

BUSSEY, P. J., concurs.