Kenny Bond **KINCANNON**, Appellant,

v.

The **STATE** of Oklahoma, Appellee.

No. O–75–359.

Court of Criminal Appeals of Oklahoma.

Oct. 23, 1975.

Antony C. Link, Rodgers & Link, Duncan, for appellant.

Larry Derryberry, Atty. Gen., James L. Swartz, Asst. Atty. Gen., Byron L. Wilhite, Legal Intern, for appellee.

OPINION

BUSSEY, Judge.

Appellant, Kenny Bond Kincannon, hereinafter referred to as defendant, entered a plea of guilty in the District Court, Stephens County, Case No. CRF–74–27, to the offense of Second Degree Burglary, in violation of 21 O.S.1971, § 1435, on May 24, 1974, and was thereupon sentenced to imprisonment for a term of five (5) years, which sentence was suspended upon probation. A hearing upon an application to revoke the suspension of said sentence for violation of the conditions thereof was conducted before that court on January 28, 1975, and thereupon granted. From the revocation order of the trial court, the defendant has perfected a timely appeal to this Court.

The State's first witness, Officer Charles Turner of the Duncan Police Department, testified that on the 4th day of December, 1974, at 10:00 p. m., he arrived at the scene of an accident where he found the defendant's car overturned. Defendant's car had struck a bicycle and injured its rider. Officer Turner testified that he observed acceleration marks at the scene of the accident and could smell alcohol on the defendant's breath, whom he described as "flightly and staggering a little bit." He told the defendant to take a seat in his patrol car and en route to the police station advised him of his Miranda rights. At the station he was given a breathalyzer test by Officer Richard Hart.

Upon cross-examination it was pointed out that the bicycle which was struck by defendant's car was without lights but the highway was lighted by the freeway lights.

The State's next witness, Roger Lee Stephenson, testified that on the evening in question he observed the defendant's car out of his rearview mirror traveling at a fast speed and fishtailing.

The State's next witness, Officer Richard Hart of the Duncan Police Department, testified that on the evening in question he had occasion to give the defendant a breathalyzer test at the request of Officer Turner. He also testified that he had been issued and had in his possession a valid breathalyzer permit as required by law. Officer Hart stated that the test revealed that the alcoholic content in the defendant's blood stream registered a reading of 0.10.

Johnny J. Doty of the Duncan Police Department next testified for the State that he too went to the scene of the accident in question and there saw the defendant, Kincannon, half in and half out of the overturned car. He further testified that after the defendant had removed himself from the car Doty shined a flashlight into the wreckage and at that time discovered a plastic baggie on the roof of the overturned car. This he retrieved and brought to the police station to await further analysis.

The State's final witness, William J. Caveny, testified he was employed by the Oklahoma State Bureau of Investigation as a forensic chemist in charge of the southwestern region of Oklahoma. He testified he was trained in the identification of various types of physical evidence including marihuana. After running certain tests on the substance within the plastic baggie given to him by Officer Doty, Caveny identified the substance as Cannabis Sativa, commonly called marihuana.

The defendant then testified in his own behalf concerning his activities on the day in question. He stated that he cleaned up his car before supper and afterwards took his car to the house of a friend who borrowed the car for about 30 minutes. He then went to the Zodiac Lounge in order to pick up a tool for tipping cues. While at the Zodiac Lounge, he testified, several friends bought him a couple of drinks. He then left the club and got into his car by himself. In regards to his driving, he made the following statement: "I pressed on the accelerator a little bit too hard, I guess." (Tr. 36) The defendant stated that he had no recollection of the events of the accident or its cause, but he did recall seeing the injured boy after he climbed out of the overturned car. As to the marihuana discovered by Officer Doty, Kincannon testified that he had never seen it before.

In his first assignment of error the defendant contends that the decision of the trial court to revoke the suspension of his sentence was not sustained by competent evidence. However, this assignment is premised upon several propositions. The defendant first contends that the results of the breathalyzer test and the plastic baggie found to contain marihuana were obtained as the result of an illegal arrest and unlawful search and seizure. He then maintains that the evidence was insufficient to establish that he knowingly possessed the marihuana. Finally, he asserts the State failed to establish that the breathalyzer test was administered in the manner prescribed by law, and that such test results are not in any event admissible in such proceedings.

Under the circumstances previously outlined, we are of the opinion that the evidence was sufficient to justify a warrantless arrest upon the basis that a public offense was being committed in the presence of the officers. This Court has previously held that public intoxication supports a warrantless arrest by an officer arriving at the scene of an accident. See, *Jackson v. State*, Okl.Cr., 437 P.2d 559 (1968). Furthermore, the marihuana was discovered under circumstances seemingly sufficient to invoke the plain or open view doctrine as justification for the seizure thereof. See, *Harris v. United States*, 390 U.S. 234, 88 S.Ct. 992, 19 L.Ed.2d 1067 (1968). However, even assuming otherwise, the defendant cannot now complain of the admissibility of these items of evidence, as the record fails to reveal that he moved to suppress or otherwise objected to the admissibility of either the breathalyzer

test results or the marihuana before the trial court. As set forth in *Rider v. State*, Okl.Cr., 494 P.2d 347, 349 (1972), this Court has repeatedly held that:

" . . . It is a well established rule in this jurisdiction that an objection to evidence allegedly obtained by illegal search and seizure must be interposed at the first opportunity and should be made either at the beginning of a trial by motion to suppress evidence, or in the course of examination as soon as it becomes apparent that the State will rely thereupon, and defendant failing to make timely objections waives the right to be heard on such question. . . . "

The defendant further objects to the admissibility of the breathalyzer test results upon the basis that the State failed to establish that the breath specimen was obtained within not more than two hours after defendant's arrest as required by 47 O.S.Supp.1974, § 756(e), and that the test was administered in accordance with the rules of the Board of Chemical Tests for Alcoholic Influence as required by 47 O.S. 1971, § 759. In support thereof, the defendant cites *Westerman v. State*, Okl.Cr., 525 P.2d 1359 (1974). However, this proposition too must fail, as in that case we again recognized that:

"[F]ailure to interpose a Motion to Suppress a timely objection constitutes a waiver and preserves nothing for review on appeal." (at page 1362)

As to defendant's contention that breathalyzer test results are not admissible in such proceedings under 47 O.S.Supp.1974, § 756, we need only observe that in *Warden v. State*, Okl.Cr., 499 P.2d 937 (1972), we held that under that statute the results of a breathalyzer test are admissible in the trial of any criminal action or proceeding arising out of acts committed by a person driving under the influence of alcohol, including a prosecution for manslaughter based on driving under the influence of intoxicating liquor, and the results of such a test are not limited to prosecutions for driving while intoxicated.

The defendant's contention that the evidence was insufficient to establish that he knowingly possessed the marihuana is likewise without merit. We need here only observe that violation of the conditions of such probation need only be shown by a preponderance of the evidence, and that upon compliance with statutory requirements and considerations of fundamental fairness, the decision to revoke suspension lies within the sound discretion of the trial court. See, *Fain v. State*, Okl.Cr., 503 P.2d 254 (1972).

In his second and final assignment of error, the defendant contends that revocation of the entire five year sentence is excessive. We have previously held that the decision of the trial court to revoke such a sentence in whole or only in part lies within the sound discretion of the trial court and that decision will not be interfered with absent an abuse thereof. See, *Phipps v. State*, Okl.Cr., 529 P.2d 998 (1974). The defendant has failed to show any abuse of discretion by the trial court and none is evident from the record herein.

It is therefore the opinion of this Court that the trial court's order revoking defendant's suspended sentence should be, and the same hereby is, *affirmed*.

BRETT, P. J., and BLISS, J., concur.