In the Matter of Charles E. SMITH, a juvenile under the age of 18 years.

No. J–76–122.

Court of Criminal Appeals of Oklahoma.

April 7, 1976.

Ralph Saenz, Nicklas, Parrish, Saenz & Wade, Lawton, for appellant.

Richard Robertson, Asst. Dist. Atty., Comanche County, for appellee.

## OPINION

BLISS, Judge:

Appellant, Charles E. Smith, a juvenile 16 years of age, appeals from an order entered on the 20th day of January, 1976, by the Juvenile Division of the District Court, Comanche County, sustaining the State's motion for certification of the appellant for prosecution as an adult for one count of Armed Robbery in violation of 21 O.S.Supp.1973, § 801, and two counts of Attempted Armed Robbery in violation of 21 O.S.Supp.1973, § 801. We are called upon to review the validity of that certification order.

The record before us does not contain the evidence presented pertinent to the prosecutive merit of the alleged criminal acts and, further, the appellant concurs with the Juvenile Court that prosecutive merit was proved by the State. For this reason, we do not concern ourselves with the first consideration of the two prong test required for a valid certification order.

See *J. T. P. v. State*, Okl.Cr., 544 P.2d 1270 (1975).

We next turn to the second prong set forth in *J. T. P.,* supra, requiring the Juvenile Court to make the determination that substantial evidence exists from which the Juvenile Judge can conclude that the juvenile is not amenable to the rehabilitative facilities available to the Court. The determination of amenability of a juvenile must be made on a case by case basis and made only after a careful consideration of the attendant facts in each case. Such an inquiry by the Juvenile Court assures an evidentiary basis for review.

The limited issue in this case is whether or not substantial evidence exists from which the reasonable conclusion is that the appellant is not amenable to the rehabilitative facilities available to the Court and thus, certification was the only alternative.

■ The appellant argues that paragraphs six and eight of the certification order are contrary to the evidence and the law. Paragraph six states in part:

"[T]he reasons for the Court's ruling are as follows:

\*     \*     \*     \*     \*     \*

"6. Upon questioning of Charles E. Smith in open Court and after consideration of the psychological examination, along with consideration for Mr. Smith's home life, environmental situation, emotional attitude and pattern of living, the Court finds that Mr. Smith is of sufficient age and maturity to know the wrongfulness of his acts and the consequences thereof."

Appellant contends that the Juvenile Court, in finding the appellant to be of sufficient maturity and age to know the wrongfulness of his acts, failed to consider a particular guideline set forth in 10 O.S.1971, § 1112

(b) 5.[1] The record reflects the Juvenile Court did consider this guideline as reflected in its order of certification which states in pertinent part:

"[T]he reasons for the Court's ruling are as follows:

\*     \*     \*     \*     \*     \*

"5. In all instances the juvenile has been charged with acting conjointly with adults, who are currently awaiting trial in the Criminal Division of the District Court."

We further note that all guidelines set forth in the above referenced statute need not be clearly resolved against the juvenile to justify certification. See, *J. T. P.,* supra. For these reasons we find this contention of the appellant unpersuasive.

■ Appellant further contends that State's Exhibit No. 6, the evaluation report by the guidance center, verifies the immaturity of appellant. We reiterate that the maturity and age of the juvenile are but one consideration or guideline for the Juvenile Court's consideration in making its determination about the appropriateness of juvenile or adult treatment for the child. The guidance center report is not conclusive on the issue of the maturity of the appellant. The demeanor of the appellant in court, the background of appellant, the nature of the alleged criminal acts are all pertinent considerations in determining the maturity of the appellant. For this reason we do not find the contention persuasive to challenge the validity of the certification order.

■ The appellant further challenges paragraph eight of the Juvenile Court's order which states in pertinent part:

"[T]he reasons for the Court's ruling are as follows:

\*     \*     \*     \*     \*     \*

1. Title 10 O.S.Supp.1974, § 1112, states in pertinent part:
   "(b) If a child is charged with delinquency as a result *of an offense which would be a felony if committed by an* adult, the court shall consider the following guidelines:
   \*     \*     \*     \*     \*

"5. The desirability of trial and disposition of the entire offense in one court when the juvenile's associates in the alleged offense are adults;" (Emphasis added)

"8. The Court finds that there is very little likelihood for the rehabilitation of Mr. Smith through the resources available to the Juvenile Division of the District Court of the State of Oklahoma, nor are there any facilities or resources to rehabilitate Mr. Smith in the Juvenile Courts of his home state due to the fact that the jurisdiction of the Juvenile Courts in the State of Alabama terminates when a juvenile reaches the age of 16 years. The Court further finds that there is a need to protect the public from the violent type of conduct displayed by Mr. Smith."

Appellant argues that State's Exhibit No. 5[2] refutes the Juvenile Court's determination that the appellant was not amenable to the rehabilitative facilities available to the Court. We need only note the transcript of the certification hearing reflects the colloquy between the judge and appellant wherein the judge made inquiry of appellant as to whether or not appellant had ever been incarcerated. Appellant admitted having been placed in jail for assault and battery on the 16th day of September, 1975, in the Municipal Court in the State of Alabama. Such fact certainly rebuts any conclusion that the behavior of the appellant is improving, a conclusion which appellant asserts may be inferred from State's Exhibit No. 5. We further note that the Juvenile Court observed the extreme antisocial nature of the criminal acts committed by appellant, the extent and nature of appellant's involvement with the Juvenile Court in Alabama and the background of appellant. Such facts, coupled with consideration of the additional guidelines set forth in 10 O.S.Supp.1974, § 1112 (b), are most persuasive in concluding that appellant is not amenable to the rehabilitative facilities available to the Juvenile Court and, thus, the welfare of the community dictates certification of appellant.

We are of the opinion the record reflects substantial evidence from which the Juvenile Court promptly concluded that appellant was nonamenable to the rehabilitative facilities available to the Juvenile Court, thus warranting certification. For this reason the order appealed from is, accordingly, *AFFIRMED.*

BRETT, P. J., and BUSSEY, J., concur.

2. State's Exhibit No. 5 was the report from the Family Court of Jefferson County, Birmingham, Alabama, regarding the past juvenile record of appellant. That report stated the jurisdiction of the Juvenile Court in the State of Alabama extended only to age sixteen (16) years and that it was adjudged that appellant was beginning to improve and, thus, he was dismissed on April 30, 1975. However, the report also contained a synopsis of the appellant's contacts with the Family Court. The synopsis is as follows:

| 12-1-72 | B & GL from Auto | Probation |
|---|---|---|
| 3-29-73 | Material Witness | N/A |
| 9-12-73 | A & B | Dismissed |
| 12-12-73 | Beyond Control | Probation |
| 12-15-73 | Grand Larceny | Probation |
| 7-29-74 | Assault w/Intent to Murder | Dismissed |
| 12-18-74 | GL from Auto | Probation |
| 12-18-74 | Malicious Mischief | Dismissed |
| 1-27-75 | Assault | Dismissed |
| 3-3-75 | No State Drivers License | No case |