**Roger Edward McFARLIN, Appellant,**

v.

**The STATE of Oklahoma, Appellee.**

**No. O–76–166.**

Court of Criminal Appeals of Oklahoma.

Aug. 13, 1976.

Tom Laub, Boatman & Laub, Okmulgee, for appellant.

Larry Derryberry, Atty. Gen., Robert L. McDonald, Asst. Atty. Gen., Annis Kernan, Legal Intern, for appellee.

## OPINION

BUSSEY, Judge.

Appellant, Roger Edward McFarlin, hereinafter referred to as defendant, was originally charged as a juvenile in Case No. J–73–81 in the District Court, Okmulgee County on the 25th day of September, 1973 as being a delinquent child for allegedly having committed the offense of Burglary in the Second Degree under 21 O.S. 1971, § 1435. On the 1st day of November, 1973, the defendant, who was then fifteen years of age, was certified as an adult. Thereafter, on the 20th day of December, 1973, the defendant entered a plea of guilty in Case No. CRF–73–110 in the District Court, Okmulgee County, to the charge of Burglary in the Second Degree and pronouncement of judgment and sentence was deferred for a period of two years, subject to enumerated rules of probation which were signed by the defendant and his attorney. Thereafter, on the 16th day of May, 1974, a motion to accelerate the deferred sentence was filed with the court, based on an allegation that the defendant violated the terms of his probation during a paint-sniffing incident on May 6, 1974. On the 3rd day of July, 1974, the court accelerated pronouncement of judgment and sentence and imposed a two (2) year suspended sentence. The court entered the following Judgment and Sentence, which reads, in pertinent part:

"This matter comes on to be heard on this 3rd day of July, 1974, on the Motion of the State to accelerate the deferred sentence heretofore entered against the defendant in this cause. The defendant, ROGER EDWARD McFARLIN, appeared personally and with his attorney of record, Stephen W. Smith, and in open court defendant confessed the Motion of the State to accelerate the deferred sentence heretofore entered on the 20th day of December, 1973, for the crime of *BURGLARY, SECOND DEGREE*. The Court having heard testimony and being fully advised in the premises, finds that the Motion to accelerate the said deferred sentence should be and is sustained and the plea of guilty heretofore entered by said defendant is accepted by the Court. The defendant, having been advised of his constitutional rights herein, was asked by the Court if he had any legal cause to show why

judgment and sentence should not be pronounced against him at this time, and he stated no sufficient cause why judgment and sentence should not be pronounced against the defendant, and none appearing to the Court, it is the judgment of the Court that defendant is guilty of the crime of *BURGLARY, SECOND DEGREE.*

"IT IS THEREFORE ORDERED, ADJUDGED AND DECREED BY THE COURT that the said defendant ROGER EDWARD McFARLIN be and he is hereby sentenced to serve a term of two (2) years for the crime of *BURGLARY, SECOND DEGREE.* . . .

"IT IS FURTHER ORDERED, ADJUDGED AND DECREED BY THE COURT that this judgment and sentence shall be suspended so long as the said defendant shall comply with the terms and conditions of probation, which have been read and signed by the defendant in open Court, and are attached hereto and made a part of this judgment and sentence."

On the 20th day of June, 1975, the District Attorney's Office of Okmulgee County filed a motion to revoke the suspended sentence alleging that the defendant had committed the offense of malicious injury to property and assault and battery with a dangerous weapon. A preliminary hearing was held on the 27th day of June, 1975, concerning the revocation and on September 8, 1975, the defendant's suspended sentence was revoked. His punishment was fixed at a term of two (2) years in the custody of the Department of Corrections and from the order revoking the suspended sentence, defendant has filed this timely appeal.

As his first assignment of error, defendant urges that there was insufficient evidence at the hearing on the State's application to revoke the suspended sentence for the court to find that the rules and condi-

tions of probation had been violated and consequently insufficient evidence for the court to order that the suspended sentence be revoked and that defendant be placed in the custody of the Department of Corrections. Because of the excellent presentation in argument made by counsel for defendant, it will be necessary at this time to give a brief statement of facts concerning the evidence at the hearing on revocation.

The first witness for the State was David Griffin, who testified that he had known the defendant, Roger McFarlin, for some time and that heretofore he had no difficulty with him. Testimony was that on or about the 16th day of June, 1975, and while at a drive-in movie in Okmulgee County, he met the defendant. After some words between Griffin, defendant and some other boys which involved some "horse play" Griffin testified that he left the drive-in movie and was pursued by the defendant and while riding in his automobile was accosted by the defendant who then proceeded to smash his window. Griffin testified that some instrument, which he stated could have been a crow bar, was used by the defendant to smash the window. He further testified that the very next evening, at the same drive-in, the defendant approached him and questioned him about why he complained to the police about the broken window and after a few words the defendant then struck Griffin with his fist, a single blow about the head.

The next witness for the State was Mr. Wayne Dennis, the uncle of witness Griffin. Mr. Dennis testified about hearing of the incident involving the smashed window and at the request of his son [1] he went to the drive-in theater the next evening in order to protect his son. He testified concerning seeing the defendant strike the blow to the head of the Griffin boy and at that time he approached the area where the two boys were and asked the de-

---

1. While the witness was, in fact, the uncle of witness Griffin, he repeatedly referred to him as his son.

fendant to leave without causing further trouble; at which time the defendant called him several names and struck at Dennis. A fight then ensued during which the defendant retrieved a walking stick from a nearby automobile, struck Dennis with the same and broke the same over the head of Dennis. Witness Dennis also testified that he landed several blows on the defendant.

On cross-examination of the witnesses, it was brought out that Griffin had been in an automobile accident the night of the alleged window smashing incident and subsequently argued that the broken window could have been a result of the automobile accident. This was denied by witness Griffin. Other cross-examination of note concerned the fight which ensued between Dennis and the defendant. On cross-examination both of the State's witnesses were fairly uncertain as to who had struck the first blow between Dennis and the defendant; however Dennis stood fast with the testimony that the defendant had struck the first blow.

The defendant then took the stand and testified essentially that while he had seen the witness Dennis at the drive-in and while some "horse play" had ensued, he continually denied that he had smashed the window on the car occupied by Griffin. As to the fight at the drive-in theater the next night, the defendant testified that he did in fact strike Griffin but that the fight which followed between him and Dennis was started by Dennis who struck the first blow. The defendant did acknowledge that he had broken a walking stick over Dennis' head in "self defense."

The defense then called as its witness Gibson Leon Brooks, who testified that he was at the drive-in theater on both occasions; that he was with the defendant and they did, in fact, follow the Griffin automobile from the drive-in theater, but that at no time did he observe the defendant get out of their car and break a window on the Griffin car. He further testified that he was present at the drive-in the second

night and that he observed the defendant strike Griffin and that at that time Dennis approached and started a fight with the defendant who subsequently broke the walking stick over Dennis' head.

The next witness for the defendant was Cheryl Brooks, who testified that she was the sixteen year old sister of the previous witness. She testified that she was present at the drive-in on the second evening and observed the defendant strike Griffin and that subsequent to that blow she observed Mr. Dennis approach the defendant and testified that Mr. Dennis struck the first blow which provoked the fight between Dennis and the defendant.

The next witness for the defense was Mike Hudson who testified that he was at the drive-in on the night of the first occasion and saw the Griffin automobile strike a pole and heard a noise he associated with glass breaking. On cross-examination he denied seeing any broken glass.

The final witness for the defense was Kenneth Lawrence, who testified mainly concerning the "horse play" and egg throwing incident which occurred prior to the altercations previously mentioned.

After hearing argument, the trial court entered an order revoking the suspended sentence and ordered that the defendant be delivered to the custody of the Department of Corrections by the Sheriff of Okmulgee County.

■ The defendant urges, under his first assignment of error, that there was insufficient evidence for the court to find that the defendant was guilty of violation of the rules and conditions of probation, particularly as pertain to the allegation of malicious injury to property. It is noted by this Court that the procedure followed by the District Attorney of Okmulgee County when applying for a hearing to revoke a suspended sentence that an application is filed and attached thereto as a formal criminal information charging the defendant with a specific crime. In this instance, malicious injury to property. The defend-

ant specifically asserts that there was a failure of proof, on behalf of the State, that the property injured was the property owned by the witness Griffin. The defendant cites as his authority 21 O.S.1971, § 1760 and annotated cases thereafter. These cases, in essence, place a burden upon the State to prove the ownership of the property injured. They also place a burden on the State to show that the defendant in each case did not have permission of the owner to injure the property. While this may or may not be a requirement in an individual case involving the allegation of malicious injury to property, we feel it has no bearing in this case. The State is required to prove to the satisfaction of the trial court that the defendant violated the rules and conditions of his probation. This proof need not rise to the dignity of proving each and every element of a specific criminal offense beyond a reasonable doubt. In *Caudill v. State,* Okl.Cr., 532 P.2d 63 (1975), we stated:

. . . This Court has further held that the State need only to show by a preponderance of the evidence emphasized the conditions of probation have been violated in order to warrant a revocation of suspended sentence. See, *Fain v. State,* Okl.Cr., 503 P.2d 254 (1972)."

Therefore, while the State chose, in the instant case, to attach a formal charge of "malicious destruction of property" and "assault and battery with a dangerous weapon," to its application to revoke the suspended sentence herein, we hold that the true test is not whether the defendant violated each and every element of formal complaint, but rather whether or not there is competent evidence in which the court could find that the defendant has violated the terms and conditions of his probation.

The defendant also alleges that the State erred in connection with the alleged window smashing incident of June 16, 1975, in that the District Attorney improperly charged the defendant with malicious injury of property under 21 O.S.1971, § 1760, instead of the more specific offense of malicious mischief of a motor vehicle under 21 O.S.1971, § 1788. In addressing this argument we would once again simply state that the object of a hearing on revocation is to determine whether or not the defendant has violated the rules and conditions of probation. In the instant case, the defendant was given adequate notice by criminal information of the rules he allegedly violated. A preliminary hearing was held and the defendant bound over for further proceedings regarding the revocation.

■■■ In connection with the second offense, "assault and battery with a dangerous weapon," defendant asserts that the State did not prove that the defendant was the aggressor in the confrontation or that the instrument described in the corresponding information was indeed a dangerous weapon. As to the question of who was the aggressor, we hold that where there is competent evidence a preponderance of which shows that the defendant violated the rules and conditions of his probation, that the decision of the trial court will not be reversed unless there is an obvious abuse of discretion. The decision to grant probation lies with the trial court and thus, the decision to revoke also lies with the trial court, which may do so in its sound discretion and accord with statutory requirements and considerations of fundamental fairness. See, *In Re Collyar,* Okl. Cr., 476 P.2d 354 (1970). Obviously, the question of who was the aggressor was a question of fact to be determined by the trial judge. See, *Kincannon v. State,* Okl. Cr., 541 P.2d 1339 (1975). Finally, as to defendant's assertion that the State failed to prove that the walking stick was either a dangerous weapon per se or used in such a manner as to become a dangerous weapon is immaterial. The mere fact that the defendant was using an instrument while participating in a fight and that the defendant broke the instrument over the head

of the witness is sufficient to show by a preponderance of the evidence that the defendant was not conducting himself as a "law abiding citizen" and was in violation of his rules of probation.

Therefore, we hold that there was sufficient evidence from which the trial court could find that the defendant had violated the rules and conditions of his probation.

For his second assignment of error, defendant asserts that he was denied due process by the procedure used at the time of his original conviction and certification to stand trial as an adult.

▆▆▆ The first argument urged by the defendant in this regard is that the court erred in accepting stipulations from both the defense attorney and the defendant regarding his certification and that the stipulations amounted to a violation of the constitutional rights of the defendant in that he was not afforded a full hearing in this regard. The record is abundantly clear that the defendant was represented by counsel at each and every stage of the certification proceedings. Furthermore, the record is clear that the mother of the defendant, Betty Jo McFarlin, received notice of the hearing and acknowledged the same on the 25th day of September, 1973. Finally, on the 1st day of November, 1973, a hearing was afforded the defendant as to whether or not he should be certified. Once again, the record reflects that the defendant was accompanied at said hearing by counsel and both parents, Betty McFarlin and Lee Ray McFarlin. The defendant urges, as his primary authority, the case of *Kent v. United States,* 383 U.S. 541, 86 S.Ct. 1045, 16 L.Ed.2d 84 (1966). We hold that case distinguishable from the instant case in that in *Kent,* the juvenile being certified was denied the opportunity to have and be present at a certification hearing. In the instant case, the defendant was present in person, by counsel, and was accompanied by his parents. At the time of the dispositional hearing the record re-flects that the defendant was afforded the opportunity of a "full fledged hearing," we see no reason a juvenile could not stipulate or waive certain portions of the procedure concerning his certification; particularly, where that juvenile is accompanied in all stages by counsel and both parents are present at the time of said stipulations and/or waiver. The two important questions which must be answered are: was the juvenile afforded an opportunity to be heard at his certification and was his agreement to stipulate or waiver made without duress and with advice of counsel. We think the record indicates that both these questions are answered in the affirmative. In addition to these requirements there must be a finding by the trial court that the requirements of 10 O.S.1971, § 1112 and *Alford v. Carter,* Okl.Cr., 504 P.2d 436 (1972), *Dorsey v. State,* Okl.Cr., 503 P.2d 1305 (1972), and *Sherfield v State,* Okl.Cr., 511 P.2d 598 (1973), have been met. We see no reason to disturb the trial court's finding that the State had met the burden of showing the enumerated factors required for certification. Defendant cites no authority in support of his argument that a juvenile cannot stipulate nor waive, with the advice of counsel, certain procedures in the certification process. Therefore, we hold that since the record indicates that the defendant was represented by counsel in all stages, afforded a hearing, and that the trial court based its findings upon the proper criteria as laid out in the above cases, that the defendant's argument that the process was in violation of his constitutional rights is without merit. To hold that where a trial court has sufficient facts before it to make a determination while all parties being fully advised of their rights and knowingly waiving same, must still go through a lengthy hearing in spite of the fact that all were in agreement to submit the same by stipulation, would be to hold that the courts must go through the process of taking testimony and recording the same unnecessarily.

The defendant next asserts that he was denied his constitutional right to a trial by jury. This Court has repeatedly held where a defendant knowingly and willingly and with advice of counsel, waives his right to a trial by jury, he cannot later complain of his lack of jury at time of conviction and sentence. Finally, the Attorney General argues that even if, for the sake of argument, there was a defect in the certification process in the defendant's case that the same was waived by the defendant's appearance in the District Court and his subsequent plea of guilty to the charge of Burglary in the Second Degree. In the recent case of *Claunch v. Page,* 427 F.2d 841 (1970), the United States Court of Appeals for the Tenth Circuit stated:

"We have twice held that a juvenile who was not represented by counsel in the certification proceedings and thereafter pleaded guilty waived 'prior procedural defects and constitutional infirmities.' *Salazar v. Rodriquez,* 10 Cir., 371 F.2d 726, 729, and *Acuna v. Baker,* 10 Cir., 418 F.2d 639, 640. In the instant case the appellant was represented by competent retained counsel at all times. His voluntary plea of guilty waived all right to question whatever defects there might have been in the antecedent procedures."

Therefore, we hold this assignment of erro to be without merit, inasmuch as the defendant was afforded opportunity for hearings at each stage of the proceedings, was provided counsel, and was accompanied by his parents.

For all of the reasons set forth above, the Order Revoking the suspended sentence is hereby *AFFIRMED.*

BRETT, P. J., concurs in results, BLISS, J., concurs.