Robert Lee HOLLIMAN, Jr., Appellant,

v.

The STATE of Oklahoma, Appellee.

No. O-76-856.

Court of Criminal Appeals of Oklahoma.

Feb. 28, 1977.

Don Anderson, Public Defender, for appellant.

Larry Derryberry, Atty. Gen., for appellee.

OPINION

BUSSEY, Presiding Judge:

Robert Lee Holliman, Jr., hereinafter referred to as defendant, was convicted on a plea of guilty in the District Court, Oklahoma County, Case No. CRF–72–2671 of As-sault with a Dangerous Weapon, in viola-tion of 21 O.S.1971, § 645. The sentence was deferred for a period of two years. On December 11, 1974, the deferred sentence was accelerated and the defendant was sentenced to a two (2) year suspended sentence. The first six (6) months of the suspended sentence was revoked on April 23, 1975, with the remaining eighteen (18) months being suspended. On May 13, 1976, the remaining eighteen (18) month sentence was ordered revoked and from said Order of Revocation a timely appeal has been perfected to this Court.

At the revocation hearing, Officers Allison and Duke testified that on March 20, 1976, they responded to a call to 325 N.E. 9th Street in Oklahoma City, concerning an attempted break-in. They talked to the occupants and checked the area. They advised the occupants to call back if the intruder returned. They received another call shortly thereafter and returned to the location. The occupant pointed out the defendant who was passed out on a porch across the street. They aroused the defendant, who had a strong odor of alcohol about his person. Defendant was searched and they found a loaded .22 caliber revolver in his rear pocket. Defendant was placed under arrest for Public Drunk and Carrying a Concealed Weapon.

Defendant testified that he was married to the occupant of the residence at 325 N.E. 9th Street. He stated that his wife continuously harassed him and caused numerous false complaints to be filed against him with the police department. On two occasions she had shot him. He took the pistol away from her to prevent being shot again. On March 20th he decided to return the pistol to her. He rang the doorbell and was advised by his wife to wait for her across the street. He testified that he dozed off while sitting on a couch. He denied being drunk and denied that the pistol was loaded.

Charles Baker, defendant's parole supervisor, testified that the defendant had not paid all of his probation fees or court costs.

He further testified that the defendant worked very sporadically.

The court found that by a preponderance of the evidence, defendant violated the terms of his probation by carrying a firearm and by being intoxicated. We agree with the trial court's findings. In *Fain v. State*, Okl.Cr., 503 P.2d 254 (1972), we stated:

"We find no merit to defendant's first contention that the evidence was insufficient to support revocation. It is apparent that the court had before it competent evidence from which it could conclude that the defendant had violated the conditions of his probation. Although the evidence may not have established a heinous criminal action by the defendant, it need only be shown by preponderance of the evidence that the conditions of probation have been violated in order to warrant revocation. *Carson v. State*, Okl.Cr., 493 P.2d 1397 (1972). The decision to grant probation lies with the trial court and thus, the decision to revoke also lies with the trial court, which may do so in its sound discretion in accord with statutory requirements and considerations of fundamental fairness. *In re Collyar*, 476 P.2d 354 (1970). 22 O.S.1971, § 991b."

The Order revoking the suspended sentence is accordingly *AFFIRMED*.

BLISS and BRETT, JJ., concur.