Johnny Carl McCOY, Appellant,

v.

The STATE of Oklahoma, Appellee.

No. J-77-279.

Court of Criminal Appeals of Oklahoma.

Aug. 26, 1977.

John T. Elliott, Public Defender, John M. Stuart, Asst. Public Defender, Oklahoma County, for appellant.

Larry Derryberry, Atty. Gen., Robert L. McDonald, Asst. Atty. Gen., for appellee.

## OPINION

BRETT, Judge:

Appellant, Johnny Carl McCoy, hereinafter referred to as defendant, was convicted on December 10, 1975, upon a plea of guilty for the offense of Burglary in the Second Degree, in violation of 21 O.S.1971, § 1435, Case No. CRF–75–3970. He was sentenced to serve a term of two (2) years in the Oklahoma State penitentiary, such sentence suspended. On May 20, 1976, an application to revoke defendant's suspended sentence was filed wherein it was stated that defendant failed to comply with the terms and conditions of his probation, as follows: (1) failed to report to his probation officer; (2) failed to report a change of address to his probation officer; (3) failed to pay court costs; and, (4) failed to pay probation fees. On October 21, 1976, a hearing was held in the District Court, Oklahoma County, and the defendant's suspended sentence was revoked. From said revocation the defendant has brought this timely appeal.

The evidence at the revocation proceeding established that William T. Green, an officer with the Department of Corrections, Division of Probation and Parole, received the defendant's case on December 31, 1975. Mr. Green met with the defendant in defendant's home on January 21, 1976, and February 20, 1976. On both visits Mr. Green discussed the rules and condition of probation with the defendant, and the possibility of defendant obtaining employment.

In March of 1976, the defendant moved from his address of record and failed to notify Mr. Green of this move, either in person or in writing. Mr. Green was not able to contact defendant until May 7, 1976, when Mr. Green learned the defendant's address. On May 8, 1976, the defendant and Mr. Green met at Mr. Green's office, and Mr. Green again discussed the rules and conditions of his probation and the fact that defendant had not paid his probation fees and court costs. On May 27, 1976, Mr. Green and the defendant met again and discussed job possibilities.

Mr. Green made repeated attempts to contact the defendant, but without success. On September 29, 1976, the defendant's mother called Mr. Green. Mr. Green told her that her son should contact him. On September 30, 1976, the defendant called Mr. Green who encouraged defendant to turn himself in to him or the sheriff. The defendant said he would contact Green the next day, but he did not. Subsequently, on October 2, 1976, the defendant was arrested for violating the terms of his suspended sentence. Neither court costs nor probation fees had been paid at the time of the arrest.

■ The first assignment of error is that the trial court abused its discretion in revoking the defendant's suspended sentence because the trial court's revocation order was based upon a condition improperly imposed at the time of sentencing, such condition being that the defendant must report to the probation officer. There is no merit to this argument. The Department of Corrections, Division of Community Services, is required to supervise persons under suspended sentence. Title 57 O.S.Supp.1975, § 514. Therefore, the requirement that the defendant report to the probation officer is a reasonable means whereby said agency can fulfill its statutory responsibilities.

■ The second assignment of error is that the trial court abused its discretion in ordering that the defendant's suspended sentence be revoked for the reason that the totality of circumstances did not warrant

revocation in whole. This Court has previously held that the decision of the trial court to revoke a suspended sentence in whole or in part lies within the sound discretion of the trial court, and that decision will not be disturbed absent abuse thereof. *McFarlin v. State,* Okl.Cr., 554 P.2d 56 (1976); *Barthiume v. State,* Okl.Cr., 549 P.2d 366 (1976); and, *Kincannon v. State,* Okl.Cr., 541 P.2d 1339 (1975). Upon review of the testimony at trial we find that there was sufficient proof upon which to find that the defendant had violated the terms and conditions of his suspended sentence.

For the above and foregoing reasons the judgment and sentence appealed from should be, and the same is, hereby, *AFFIRMED.*

BUSSEY, P. J., concurs.