Edward Leroy BISHOP, Appellant,

v.

The STATE of Oklahoma, Appellee.

No. C–78–123.

Court of Criminal Appeals of Oklahoma.

May 16, 1979.

Frank M. Hagedorn, Hall, Estill, Hardwick, Gable, Collingsworth & Nelson, Tulsa, for appellant.

Larry Derryberry, Atty. Gen., Joseph H. Enos, Asst. Atty. Gen., for appellee.

## OPINION

BRETT, Judge:

The appellant, Edward Leroy Bishop, was 17 years old when he was ordered by Judge Mermon H. Potter, Washington County, Oklahoma, to stand trial as an adult on a charge of Robbery With Firearms. The certification order, dated September 5, 1975, states that, "[T]he child by and through his attorney, Mr. Chris Coyle, being fully advised of his rights, confessed the Motion to Certify . . . ." Also on September 5, 1975, the appellant pled guilty to the charge of Robbery With Firearms and was given a two (2) year deferred sentence. There are no transcripts of either the certification hearing or of the proceeding at which the appellant pled guilty, because the court reporter who was present at both occasions disappeared in October or November of 1976, leaving no notes or record, and has not been heard from since.

On May 6, 1977, the State of Oklahoma filed a motion to accelerate the appellant's deferred sentence on several grounds, among them that he possessed marihuana and that he had knowingly concealed stolen property. The deferred sentence was accelerated on December 28, 1977, and the appellant was sentenced to fifteen (15) years' imprisonment. He was not allowed to withdraw his plea of guilty, and is now seeking a writ of certiorari from this Court alleging that he was not properly certified to stand trial as an adult in 1975, that he did not knowingly and intelligently enter the plea of guilty, that the evidence which was used as the basis of accelerating his sentence was improperly seized, and that the punishment assessed was excessive.

We need discuss only the errors alleged with regard to the appellant's certification. In addition to the fact that there are no transcripts available for review, through no fault of the appellant, we are of the opinion that it is not possible for a juvenile to confess a motion to certify and thereby waive jurisdiction of the Juvenile Court. See *Ex parte Dickerson,* 67 Okl.Cr. 439, 94 P.2d 951 (1939). From *J.T.P. v. State,* Okl.Cr., 544 P.2d 1270 (1975), onward, we have required two ultimate findings by the Juvenile Court as a prerequisite to a valid certification order waiving jurisdiction by a Juvenile Court over a juvenile and conferring it upon the District Court. First, there must be a finding that there is prosecutive merit to the complaint, i. e., that a crime has been committed and that there is probable cause to believe that the accused juvenile committed it. Second, the Juvenile Court must find that the juvenile is not a fit subject for rehabilitation within the juvenile system. The finding of lack of amenability to rehabilitation must be shown through "substantial evidence," which has been defined in *Calhoon v. State,* Okl.Cr., 548 P.2d 1037 (1976), as "more than a scintilla." In *Brown v. State,* Okl.Cr., 550 P.2d 963 (1976), one of the grounds for reversal was that as no evidence had been presented in the case, the Juvenile Court necessarily must have failed to consider the guidelines set out in *J.T.P. v. State,* supra. See also *Matter of Smith,* Okl.Cr., 548 P.2d 647, 648 (1976), wherein we said, "The determination of amenability of a juvenile must be made on a case by case basis and made only after a careful consideration of the attendant facts in each case. Such an inquiry by the Juvenile Court assures an evidentiary basis for review."

While it is permissible for a juvenile in a certification to stipulate to certain facts from which the judge can make his two ultimate findings of fact, it is not permissible for the juvenile to stipulate to the two ultimate findings of fact. Not only must the Juvenile Court Judge make his findings based on substantial evidence, but he must make a record sufficient for this

Court to make a determination of the propriety of the order on review. Of course, the juvenile must be made aware of the effect of any stipulations he may make as to the facts to be considered by the judge in making his ultimate findings. To the extent that there may be any conflict between this holding and the holding of *McFarlin v. State*, Okl.Cr., 554 P.2d 56 (1976), the *McFarlin* case is overruled.

On March 27, 1979, Judge Tom R. Cornish filed his disqualification in the above styled and numbered appeal and Judge Lester Reynolds was appointed to serve in his stead to consider this appeal.

As the certification was invalid, so was the guilty plea, and so was the acceleration of the deferred sentence. We are not holding, however, that the State may not prosecute the appellant for the acts which led to the acceleration of his sentence.

REVERSED.

REYNOLDS, J., concurs.

BUSSEY, J., not participating.