**Gary Don CAUDILL, Appellant,**

v.

**The STATE of Oklahoma, Appellee.**

**No. O–81–251.**

Court of Criminal Appeals of Oklahoma.

Dec. 14, 1981.

---

**2.** See footnote 1.

Roddy M. Curry, Kee, Kramer & Stuart, Duncan, for appellant.

Jan Eric Cartwright, Atty. Gen., Rozia M. McKinney, Asst. Atty. Gen., Oklahoma City, for appellee.

## MEMORANDUM OPINION

BUSSEY, Judge:

On appeal from the order of the District Court of Stephens County, revoking his suspended sentence in Case No. CRF–77–246, the appellant, Gary Don Caudill, asserts two (2) assignments of error.

 As his first contention, the appellant alleges that the decision of the trial court revoking the last ten (10) years of a twelve (12) year sentence, is not supported by the evidence. The court found that the appellant had violated the terms and conditions of his probation, and the same justified revocation of his suspended sentence.[1] It need only be shown by a preponderance

1. The motion to revoke the suspended sentence alleged that the defendant violated the terms and conditions of his probation in the following manners, to-wit:

(1) Defendant is in violation of Rule 3 of the conditions of probation in that he did, on September 16, 1980, obtain cash and/or merchandise from Economy Food Discount by means of a false and bogus check. That pursuant thereto defendant is charged with one count of Bogus Check in Stephens County, Case No. CRF–80–219.

(2) Defendant is in violation of Rule 3 of his conditions of probation in that he did, on September 17, 1980, obtain merchandise, to-wit: a .22 caliber pistol from Gibson's by means of a false and bogus check.

(3) Defendant is in violation of Rule 3 of his conditions of probation in that he, a convicted felon, did, on September 17, 1980, purchase a Harrington & Richardson, Model 929, .22 caliber pistol, Serial No. ATO47642 from Gibson's Discount Store, Duncan, Oklahoma, and gave false information having to do with his having been convicted of a felony pursuant to that transaction.

(4) Defendant is in violation of Rule 9 of his conditions of probation in that he has failed to complete restitution as per Exhibit "A", said restitution being a condition of his probation.

(5) Defendant is in violation of Rule 3 of his conditions of probation in that he did, on September 23, 1980, in Stephens County, Oklahoma, unlawfully, wrongfully and feloniously attempt to rob Marilyn Adams and to take and carry away certain money belonging to Adams Package Store and in the possession of said Marilyn Adams and in her immediate presence without her consent and against her will, said robbery being attempted by said defendant then and there committing an assault and battery on the said Marilyn Adams by threatening the said Marilyn Adams with a spray can of mace and to do bodily harm if she resisted and said defendant by said assault and battery, threats and menace, did then and there put the said Marilyn Adams in fear of immediate and unlawful injury to her person and overcome all her resistance and while so intimidating her, did then and there attempt to wrongfully take and obtain from her the money and property aforesaid. That pursuant thereto defendant is charged with ATTEMPTED ROBBERY BY FORCE in Stephens County, Oklahoma, Case No. CRF–80–221.

of the evidence that the conditions of probation have been violated in order to warrant revocation. *Fain v. State*, 503 P.2d 254 (Okl.Cr.1972). The record amply supports the finding of the trial court.

The appellant lastly contends that the trial court abused its discretion in revoking the ten (10) year suspended sentence. We have repeatedly held that the question of revocation, in whole or in part, is vested within the sound discretion of the trial court. *Cooper v. State*, 599 P.2d 419 (Okl.Cr.1979); and, *Barthiume v. State*, 549 P.2d 366 (Okl.Cr.1976). Our review of the record fails to disclose an abuse of discretion.

For the above and foregoing reasons, the order of the district court revoking the suspended judgment and sentence in CRF–77–246 is AFFIRMED.