**Debra Gene CARPENTER, Appellant,**

v.

**STATE of Oklahoma, Appellee.**

**No. 0–84–605.**

Court of Criminal Appeals of Oklahoma.

Aug. 19, 1986.

Thomas Purcell, Asst. Appellate Public Defender, Norman, Oklahoma, for appellant.

Michael C. Turpen, Atty. Gen., Tomilou Gentry Liddell, Asst. Atty. Gen., Deputy Chief, Criminal Div., Gary W. Searcy, Legal Intern, Oklahoma City, Oklahoma, for appellee.

## OPINION

BRETT, Judge:

Appellant, Debra Gene Carpenter, pled guilty in Comanche County Case No. CRF-83-122 to Larceny of a Credit Card, Count I and Obtaining Property with a Credit Card Without the Consent of the Credit Card Holder, Count II. She was given a three year suspended sentence and a $500 fine on Count I and a three year suspended sentence on Count II to run concurrently. Appellant's sentences have been revoked and she appeals.

The State filed a motion to revoke these sentences alleging appellant had committed a felony while on probation. Appellant was charged with Grand Larceny in Comanche County Case No. CRF-83-744. It was alleged she had stolen $700 from a 79 year old woman while she was in the woman's home. At an in-court preliminary hearing lineup, the prosecuting witness, J.W., not only failed to identify appellant but she picked out the wrong person. The victim's identification and testimony was the only evidence of the crime. Appellant's demurrer to the evidence at the close of the preliminary hearing was sustained.

At the revocation hearing, which was held before the preliminary hearing in Case No. CRF-83-744, the State called J.W. and a policeman as witnesses. J.W. had initially picked appellant from a photo lineup and the policeman was the officer that handled the identification. J.W. claimed she did not initial the photo selected but the officer testified they both marked the picture. At the revocation hearing she identified appellant by saying "Well, I guess it's her; looks like her so I guess it would be." The revocation hearing was continued for 2 months, and was finally concluded two weeks after the demurrer was sustained in Case No. CRF-83-744. Appellant moved the revocation be dismissed. The court, however, denied the motion and without further explanation revoked appellant's suspended sentence.

Appellant's first proposition of error is a claim the State failed to show by a preponderance of the evidence she breached the conditions of her probation by the commission of a felony. In reviewing the transcripts from the hearings held in both cases, we find the failure of J.W. to identify appellant is a failure of the State to prove by a preponderance of the evidence appellant committed a felony. *Caudill v. State*, 637 P.2d 1264 (Okl.Cr.1981). It was an abuse of discretion for the court to revoke appellant's suspended sentence. *See Cooper v. State*, 599 P.2d 419, 423 (Okl.Cr.1979).

The other issues raised in appellant's brief are moot in light of the conclusion reached in the first proposition. We therefore REVERSE the revocation of appellant's suspended sentence.

PARKS, P.J. concurs.

BUSSEY, J., dissents.