William LIVINGSTON, Appellant,

v.

STATE of Oklahoma, Appellee.

No. O-85-683.

Court of Criminal Appeals of Oklahoma.

Jan. 13, 1988.

E. Alvin Schay, Appellate Public Defender, Norman, for appellant.

Michael C. Turpen, Atty. Gen., Tomilou Gentry Liddell, Asst. Atty. Gen., Oklahoma City, for appellee.

## OPINION

BUSSEY, Judge:

The appellant, William Livingston, was charged in the District Court of Muskogee County with the crimes of Robbery with Firearms and Grand Larceny in Case Nos. CRF–84–308 and CRF–84–219. On October 10, 1984, appellant entered pleas of guilty on both counts, and the trial court sen-tenced him to twenty (20) years on each count, with ten (10) years suspended on each count, the sentences to run concurrently. On April 2, 1985, the State filed an Application to Revoke, and following a hearing on the merits, the trial court revoked the ten (10) year suspended sentence on each count.

In its Application to Revoke, the State alleged that appellant committed perjury by testifying at his plea and sentencing on October 10, 1984, that Roland Van Fleet committed the robbery with him in Case No. CRF–84–308, and later testifying at a second preliminary hearing for Van Fleet on April 2, 1985, that Van Fleet did not participate in the robbery. The State argued that appellant committed perjury on either October 10, 1984, or April 2, 1985.

For his first assignment of error appellant asserts that the trial court committed reversible error by revoking the suspended portion of his sentence since the State failed to prove when he committed the perjury. He argues that if the perjury occurred on October 10, 1984, then it occurred before he was given the suspended sentence and cannot be used to revoke the subsequent sentence.

■ During the revocation hearing, the trial court stated that it would view the evidence in the light most favorable to the appellant and stated that even if the perjury was committed on October 10, 1984, the suspended sentence should still be revoked. In making this ruling the trial court stated that:

Now, if it happened on April 2nd, 1985, there's no doubt but that the defendant has violated the rules and conditions of probation. He's violated a State Statute, he has told a lie under oath, before the Court. He's violated at least two of the rules and conditions of probation. If Mr. Livingston committed perjury in the inducement of the Court to admit him to probation, revocation of probation lies, in the opinion of this Judge. ... Assuming the better part of your argument in the light most favorable to your client, that the perjury occurred immediately prior to

his being admitted to probation in accordance with the conditions of probation and parole, I find that it is within the proper exercise of my responsibilities as the sentencing Judge, who accepted his profer [sic] of testimony which indicated the willingness to be truthful and to assist the State in a prosecution of other persons related to the crime, that that was a fraudulent inducement of probation in this case. I find that he is in violation of the terms and the spirit and conditions of probation accorded to him in both of those cases. (Tr.14–15)

The decision to revoke lies within the sound discretion of the trial court. *Fain v. State*, 503 P.2d 254 (Okl.Cr.1972). Finding no abuse of discretion, we decline to disturb the trial court's ruling. This assignment of error lacks merit.

 Appellant next contends that there was insufficient evidence presented at his revocation hearing to prove that he committed perjury. That the conditions of probation have been violated need only be shown by a preponderance of the evidence in order to revoke probation. *Caudill v. State*, 637 P.2d 1264 (Okl.Cr.1981). We are of the opinion that the State clearly met this burden by introducing into evidence two sworn, contradictory statements made by appellant. Consequently, this assignment is groundless.

The order of the District Court revoking the appellant's suspended sentences is AFFIRMED.

BRETT, P.J., and PARKS, J., concur.