Dennis WILLS, Petitioner-Appellant,

v.

Charles EGELER, Warden of State Prison of Southern Michigan, Respondent-Appellee.

No. 75–1611.

United States Court of Appeals, Sixth Circuit.

Submitted March 10, 1976.

Decided March 16, 1976.

Dennis Wills, pro se.

Frank J. Kelley, Atty. Gen. of Michigan, Robert A. Derengoski, Jann C. Ryan, Lansing, Mich., for respondent-appellee.

Before PHILLIPS, Chief Judge, and PECK and LIVELY, Circuit Judges.

PER CURIAM.

Dennis E. Wills, petitioner-appellant, is serving a sentence of eight to fifteen years in a Michigan State Prison for armed robbery. His sentence was imposed by the Circuit Court of Macomb County on March 19, 1974 after the jury had returned a verdict of guilty.

District Judge Charles W. Joiner denied the application of Wills for a writ of habeas corpus. We affirm.

Wills contends that the state district court had no jurisdiction to bind him over for trial and therefore the state trial court acquired no jurisdiction to try and convict him. For this position he relies upon Article IV, § 24 of the Constitution of Michigan, which provides: "No law shall embrace more than one object, which shall be expressed in its title."

The Supreme Court of Michigan rejected this contention in *People v. Milton,* 393 Mich. 234, 224 N.W.2d 266 (1974), holding that the state district courts have the requisite criminal jurisdiction and that the statute conferring jurisdiction did not violate Article IV, § 24 of the State Constitution.

Federal habeas corpus relief can be granted only for violation of the Constitution or laws of the United States. 28 U.S.C. § 2254; *Combs v. Tennessee,* 530 F.2d 695 (6th Cir. 1976). The constitutional provision relied upon by Wills appears in the Constitution of Michigan, not the Constitution of the United States. Determination of whether a state court is vested with jurisdiction under state law is a function of the state courts, not the federal judiciary. *United States ex rel. Herrington v. Mancusi,* 415 F.2d 205 (2nd Cir. 1969).

This case came on to be heard pursuant to Sixth Circuit Rule 3(e).[1]

The court concludes that the appeal is frivolous and completely without merit. Sixth Circuit Rule 9.

Accordingly, the appeal is dismissed.

1.  (e) Docket Control. In the interest of docket control, the chief judge may from time to time, in his discretion, appoint a panel or panels to review pending cases for appropriate assignment or disposition under Rules 7(e), 8 or 9 or any other rule of this court.