**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**OCT 16 2001**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

v.

FLAVIO ENRIQUE
TREVIZO-MIRAMONTES,

Defendant-Appellant.

No. 00-4169
(D.C. No. 00-CR-239-S)
(D. Utah)

**ORDER AND JUDGMENT** *

Before **EBEL** , **KELLY** , and **LUCERO** , Circuit Judges.

After examining the briefs and appellate record, this panel has determined

unanimously to grant the parties' request for a decision on the briefs without oral

argument. *See* Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G). The case is therefore

ordered submitted without oral argument.

Defendant Flavio Enrique Trevizo-Miramontes appeals his conviction and

sentence for illegally reentering the United States after deportation, in violation

---

* This order and judgment is not binding precedent, except under the
doctrines of law of the case, res judicata, and collateral estoppel. The court
generally disfavors the citation of orders and judgments; nevertheless, an order
and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

of 8 U.S.C. § 1326. For the reasons stated below, we grant counsel's motion to withdraw and dismiss the appeal.

Defendant, a citizen of Mexico, has lived in this country for approximately twenty years. In 1996, he was convicted in Florida of selling a small amount of cocaine and, after serving his sentence, was deported. Defendant was again arrested and convicted of a controlled substance offense in 1998, and was deported in November 1998.

In May of 2000, defendant was discovered in the United States and was charged with illegal reentry. He entered a plea of guilty pursuant to an agreement in which the government agreed to recommend that defendant be given credit for accepting responsibility and that he be sentenced at the low end of the sentencing guidelines. In the presentence report (PSR), the United States Probation Office recommended a guideline range of forty-six to fifty-seven months, based on a sixteen-level enhancement for reentry after conviction of an aggravated felony pursuant to United States Sentencing Guideline § 2L1.2(b)(1)(A); a three-point reduction for acceptance of responsibility pursuant to United States Sentencing Guideline § 3E1.1, and a criminal history category of III. Defendant did not object to the calculations in the PSR. The district court accepted the PSR's recommendations and sentenced defendant to forty-six months' incarceration, which was the low end of the applicable guidelines range.

On appeal, defendant's counsel has filed a brief pursuant to *Anders v. California*, 386 U.S. 738 (1967), and has moved for leave to withdraw. *Anders* holds that if counsel finds an appeal "to be wholly frivolous, after a conscientious examination of it," he or she "should so advise the court and request permission to withdraw." *Id.* at 744. Counsel must also submit to the court a brief addressing anything in the record that arguably supports the appeal. The brief is served upon the defendant, who may "raise any points that he chooses." *Id.* We must then fully examine the proceedings to decide whether the appeal is frivolous, and if so, we may grant counsel's request to withdraw and dismiss the appeal. *Id.* Here, defendant was provided with a copy of counsel's brief but has not responded.

In her *Anders* brief, counsel related that defendant wished to raise the following issues: (1) whether his sentence violated the proscription against double jeopardy; (2) whether his sentence was cruel and unusual, thus violating the Eighth Amendment; (3) whether § 1326 punished him for his status as an alien; (4) whether he should have been granted a downward departure based on his long residence in this country and the minor nature of his prior felonies; and (5) whether counsel was ineffective. We agree that these issues are frivolous.

Defendant was not placed twice in jeopardy because the increase in his sentence based on his prior conviction was simply a sentence enhancement for

-3-

the current offense, and not an additional punishment for the previous offense. *See Witte v. United States*, 515 U.S. 389, 400 (1995) (explaining why recidivism statutes do not violate double jeopardy). His sentence did not violate the Eighth Amendment because it was well within the statutory and guideline limits. *United States v. Youngpeter*, 986 F.2d 349, 355 (10th Cir. 1993) (holding sentence not regarded as cruel and unusual when within statutory and guideline limits).

Defendant's guilty plea waived his due process argument that § 1326 punished him based on his alien status. *United States v. Wright*, 43 F.3d 491, 494 (10th Cir. 1994) (holding guilty plea waives all non-jurisdictional defenses, including due process claims). In any event, the statute punished his act of reentering the country, not his alienage. *See United States v. Cupa-Guillen*, 34 F.3d 860, 863 (9th Cir. 1994). We lack jurisdiction to review the district court's failure to depart downward in sentencing absent a claim that the court misunderstood its authority to depart. *United States v. Coddington*, 118 F.3d 1439, 1441 (10th Cir. 1997). Finally, defendant's claims of ineffective assistance of counsel should be brought in a collateral proceeding rather than on direct appeal. *United States v. Galloway*, 56 F.3d 1239, 1240 (10th Cir. 1995).

Accordingly, the direct criminal appeal is DISMISSED as frivolous. The motion by the defendant's counsel to withdraw is GRANTED. The mandate will issue forthwith.

Entered for the Court


David M. Ebel
Circuit Judge