**Karl Bryan STRUNK, Petitioner–Appellant,**

v.

**Bill MARTIN, Director, Michigan Department of Corrections, Respondent–Appellee.**

**No. 00–2251.**

United States Court of Appeals, Sixth Circuit.

Nov. 6, 2001.

Before KEITH, KENNEDY, and BATCHELDER, Circuit Judges.

Karl Bryan Strunk appeals from a district court order dismissing his petition for a writ of habeas corpus filed under 28 U.S.C. § 2254. The case has been referred to a panel of the court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

In 1987, a Michigan jury convicted Strunk of first degree murder and felony firearm, and the trial court sentenced him to life imprisonment. In his § 2254 petition, Strunk alleged that: 1) the trial court improperly denied his motion to suppress his confession; 2) the probate court improperly considered arbitrary factors in his waiver of jurisdiction hearing; 3) he was compelled to testify because of the improper admission of his confession; 4) his confession was used improperly for impeachment purposes; 5) inadmissible evidence was used at his juvenile and adult proceedings; 6) a letter written by Strunk was wrongly admitted into evidence; 7) his trial and appellate counsel rendered ineffective assistance; and 8) he was denied due process and a fair trial by the cumula-

tive effect of these errors. Over Strunk's objections, the district court adopted the magistrate judge's report and recommendation, concluded that Strunk's claims were without merit, and dismissed the petition. In this timely appeal, this court has granted Strunk a certificate of appealability as to the following issue: whether the admission of Strunk's confession in the state probate court proceedings invalidated that court's waiver of jurisdiction and deprived the state circuit court of jurisdiction to try Strunk. Strunk moves this court for the appointment of counsel on appeal.

We note initially that Strunk argues in his brief on appeal that he received ineffective assistance of counsel. However, Strunk has not received a certificate of appealability for this claim and, therefore, this court will not consider the issue. *Searcy v. Carter,* 246 F.3d 515, 518 (6th Cir.2001), *petition for cert. filed* (U.S. July 3, 2001)(No. 01–5135).

Upon review, we conclude that the district court properly dismissed Strunk's habeas petition. This court reviews de novo a district court's dismissal of a § 2254 petition, but reviews the court's factual findings for clear error. *Carson v. Burke,* 178 F.3d 434, 436 (6th Cir.1999). The district court shall not grant a habeas petition with respect to any claim that was adjudicated on the merits in the state courts unless the adjudication resulted in a decision that: 1) was contrary to, or involved an unreasonable application of, clearly established federal law; or 2) was based on an unreasonable determination of the facts in light of the evidence presented to the state courts. 28 U.S.C. § 2254(d). Under the "contrary to" clause, a federal habeas court may grant the writ if the state court arrives at a conclusion opposite to that reached by the Supreme Court on a question of law or if the state court decides a case differently than the Supreme Court

has on a set of materially indistinguishable facts. *Williams v. Taylor,* 529 U.S. 362, 413, 120 S.Ct. 1495, 146 L.Ed.2d 389 (2000). Under the "unreasonable application" clause, a federal habeas court may grant the writ if the state court identifies the correct governing legal principle from the Supreme Court's decisions but unreasonably applies that principle to the facts of the petitioner's case. *Id.* An unreasonable application of federal law is different from an incorrect application of federal law and a federal habeas court may not issue the writ simply because that court concludes that the state court applied clearly established federal law erroneously or incorrectly. *Id.* at 410–12, 120 S.Ct. 1495.

 Strunk, who was 16 years of age at the time he committed the instant offense, argues that the state probate court improperly considered his inadmissible confession in deciding to transfer him to the state circuit court for trial. Therefore, he asserts that the circuit court did not have proper jurisdiction over him. Strunk relies on a Michigan appellate court's conclusion that his confession was obtained in violation of state procedural requirements for juveniles; despite this violation, the appellate court decided that reliance on the confession was harmless error. Further, no court has ever determined that the confession was obtained in violation of Strunk's federal constitutional rights. Although Strunk cites to some federal constitutional law in passing, it is clear that his claim is based on an interpretation of state law, and a violation of state law is insufficient to serve as a basis for federal habeas relief. *Austin v. Jackson,* 213 F.3d 298, 300 (6th Cir.2000). While Strunk argues that the state courts erroneously determined that jurisdiction over his case was properly transferred to the circuit court under state law, a state court's interpretation of state jurisdictional issues conclusively establishes jurisdiction for purposes of federal habeas review. *Wright v. Ange-*

*lone,* 151 F.3d 151, 157–58 (4th Cir.1998); *Rhode v. Olk–Long,* 84 F.3d 284, 287 (8th Cir.1996); *Wills v. Egeler,* 532 F.2d 1058, 1059 (6th Cir.1976).

Accordingly, this court denies Strunk's motion for counsel and affirms the district court's judgment. Rule 34(j)(2)(C), Rules of the Sixth Circuit.