**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**NOV 17 2004**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

BRUCE LESLIE,

      Petitioner - Appellant,

v.

SCOTT ABBOTT, Warden, Wyoming
State Penitentiary; and PATRICK
CRANK, Wyoming Attorney General,

      Respondents - Appellees.

No. 03-8098
(D.C. No. 01-CV-144-J)
(Dist. Wyo.)

**ORDER AND JUDGMENT**[*]

Before **SEYMOUR**, **EBEL** and **BRISCOE**, Circuit Judges.

In this appeal from the district court's denial of habeas corpus relief under

28 U.S.C. § 2254, we examine Petitioner-Appellant's claims of ineffective

assistance of appellate counsel. Because the district court granted COA in this

case, we take jurisdiction under 28 U.S.C. § 2253 and hold that the Petitioner's

ineffective assistance of appellate counsel claims are without merit and that his

subsidiary claims alleging due process violations and ineffective assistance of

---

[*]This Order and Judgment is not binding precedent, except under the
doctrines of law of the case, res judicata, and collateral estoppel. The court
generally disfavors the citation of orders and judgments; nevertheless, an order
and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

trial counsel are procedurally barred. The district court's dismissal of his habeas action is therefore AFFIRMED.

## I.      Background

Petitioner-Appellant Bruce Leslie ("Leslie") was arrested and charged in July of 1996 with four counts of first-degree sexual assault and four counts of aggravated burglary. Two months later, his attorney moved to suspend the criminal proceedings on the grounds that Leslie was too mentally ill to continue. The state trial court judge transferred Leslie to the Wyoming State Hospital (WSH) for a competency assessment. One month later, a doctor at the WSH wrote to the trial court judge, stating that Leslie was incompetent. When the court later inquired whether Leslie was ever likely to recover his competence to stand trial, the WSH doctor replied that his diagnosis had changed over time, and that he no longer thought Leslie was incompetent. Defense counsel then requested a second opinion from another doctor, who concluded that Leslie was in fact incompetent.

The trial court held a competency hearing to resolve the conflict between the two medical opinions, finding Leslie unfit to stand trial and ordering compulsory medication with antipsychotic drugs, against Leslie's strongly-stated objections to being forcibly medicated. (Aplt. Br. at 4-5.) Subsequent

competency hearings again found Leslie unfit, although the court sought the opinion of two additional doctors, who both agreed with the WSH physician that Leslie was not incompetent and that he did not need to be medicated to be competent for trial. (Aplt. Br. at 5-6.) Leslie eventually did show some reduction in his anti-social behaviors as a result of his medication, however, and in a fourth competency hearing the trial court concluded that Leslie was now competent to stand trial and ordered WSH to continue with his medication in order to maintain his competence over the course of the trial. (Aplt. Br. at 7.)

Leslie continued in his strong opposition to being medicated with antipsychotic drugs, and defense counsel filed a motion for a hearing to further address the appropriateness of the court's involuntary medication order, but the hearing was never held. (Aplt. Br. at 7.)

In August of 1998, after the state obtained DNA evidence against him, Leslie moved to change his plea from Not Guilty to Not Guilty by Reason of Mental Illness or Deficiency. (Aplt. Br. at 7-8; Aple. Br. at 3-4.) After a sanity examination ultimately concluded that Leslie was mentally ill at the time of the crimes but that he "had substantial capacity to conform his behavior to the requirements of the law," the trial court ordered Leslie transferred from WSH to the county jail. (Aplt. Br. at 8.)

On February 9, 1999, Leslie pled guilty to four counts of first degree sexual assault, telling the court that his medication had not interfered with his ability to understand the proceedings, and he was sentenced two months later to four consecutive life sentences. (Id.) After a timely notice of appeal was filed in the state court, Leslie met with his appointed appellate counsel from the state public defender's office, and subsequently withdrew his appeal.

Leslie then filed for state post-conviction relief, raising three claims: (1) that his forced medication was not supported by sufficient findings of the sort required by the Supreme Court in Riggins v. Nevada, 504 U.S. 127 (1992), and thus violated Leslie's due process rights; (2) that Leslie's trial counsel was ineffective for failing to challenge the forced medication orders; and (3) that Leslie's appellate counsel was ineffective for failing to recognize meritorious issues for appeal and for counseling Leslie to withdraw his appeal without first investigating his mental competence to do so. (ROA at 50-70.) The state court held that Leslie's first two claims were procedurally barred, and denied relief after rejecting on its merits his claim that appellate counsel had been ineffective. (ROA at 83-89.) The Wyoming Supreme Court denied Leslie's petition for review.

Leslie then sought habeas corpus relief in federal district court, raising federal constitutional claims based on the same three issues presented to the state

court. The district court denied relief after finding Leslie's first two arguments procedurally barred and rejecting his ineffective assistance of appellate counsel claim under Strickland v. Washington, 466 U.S. 668 (1984). Leslie was granted COA by the district court, and he now appeals on his claims that his forced medication violated due process, that his trial counsel was ineffective, and that his appellate counsel was ineffective for encouraging him to waive his appeal without recognizing the merits of his due process and ineffective trial counsel claims and without investigating Leslie's mental competence to waive appeal.

## II.    Discussion

### A.    Procedural posture

In rejecting his petition for state post-conviction relief, the state court held that Leslie's waiver of direct appeal, and resultant failure to raise his due process and ineffective assistance of trial counsel claims on direct appeal, constituted a procedural default under Wyo. Stat. Ann. § 7-14-103 (Michie 1997).[1] When confronted with the federal version of the same claims in Leslie's § 2254 habeas

---

[1]The Wyoming statute states that a claim for state post-conviction relief is "procedurally barred and no court has jurisdiction to decide the claim if the claim:
    (i) Could have been raised but was not raised in a direct appeal from the
    proceeding which resulted in the petitioner's conviction . . . ."
W. S. 7-14-103(a)(i). Subsection (b)(ii) of that same statute excuses such a procedural default if the petitioner can show that he "was denied constitutionally effective assistance of counsel on his direct appeal."

petition, the federal district court held that the procedural bar created by Wyoming's waiver statute constituted an independent and adequate state ground supporting a finding that those claims were procedurally defaulted for purposes of federal habeas review.

Leslie did not contest the validity of the state court's procedural default ruling in the district court, nor does he contend on appeal to this court that the district court erred in finding his first two claims unexhausted and procedurally defaulted under § 2254(b). As he did in the district court proceedings, Leslie instead argues that he was afforded ineffective assistance of appellate counsel, and that this failing provides the cause and prejudice required for us to excuse his procedural default on the due process claim and ineffective assistance of trial counsel claim. We therefore do not evaluate Leslie's due process and ineffective trial counsel claims directly but consider them through the prism of his ineffective appellate counsel claim.

### B.    *Standard of review*

When a state court has addressed and decided a federal claim on the merits, AEDPA forbids us from granting federal habeas relief unless the state court's decision is "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United

States . . . ." 28 U.S.C. § 2254(d)(1) (2000). Where the state court has not addressed a particular claim on its merits, however, our review of all legal questions decided for the first time in federal district court is *de novo*. Because the state court apparently applied the Strickland standard, as incorporated into state law, we will apply the AEDPA standard of review, while noting that the result would be the same if our review were *de novo*.

> C.    *Application of the ineffective assistance standard*

>> 1.    Leslie's first claim of ineffective assistance of appellate counsel: failure to recognize meritorious arguments for appeal

Leslie's first claim for ineffective assistance of appellate counsel rests on the premise that appellate counsel acted unreasonably by failing to raise his due process forced medication claim and his ineffective trial counsel claim on direct appeal. In Smith v. Robbins, 528 U.S. 259 (2000), the Supreme Court applied Strickland's familiar two-prong test to evaluate the effectiveness of appellate counsel who concluded that an appeal would be frivolous and therefore failed to file a merits brief in the state appellate court. Id. at 285. The Court held that appellate counsel should be found to have acted objectively unreasonably if the petitioner can "show that a reasonably competent attorney would have found one nonfrivolous issue warranting a merits brief . . . ." Id. at 288.

Our review of the claims Leslie argues ought to have been pursued by counsel on direct appeal convinces us that they both are in fact frivolous. We hold, therefore, that his appellate counsel's performance was not constitutionally deficient and that he was not afforded ineffective assistance of appellate counsel.

Leslie focuses the bulk of his argument before us on the claim that the district court's forced medication orders violated his due process rights. He relies primarily on the Supreme Court's decision in Riggins v. Nevada, 504 U.S. 127 (1992), which held that the state violates a criminal defendant's liberty interest in being free from involuntary administration of antipsychotic drugs without due process when it forcibly subjects him to such medication without first finding that treatment "was medically appropriate and, considering less intrusive alternatives, essential for the sake of [the defendant's] own safety or the safety of others." Id. at 135. The Riggins Court also found that the trial court's failure to make any such findings before ordering involuntary medication to continue during the accused's criminal trial infringed the defendant's constitutional rights to a fair trial, since the medication might affect his appearance during trial and alter the character of his testimony or his ability to follow the proceedings. Id. at 137.

It is well-established, however, that "a voluntary and unconditional guilty plea waives all non-jurisdictional defenses." United States v. Salazar, 323 F.3d 852, 856 (10th Cir. 2003). When, as here, "a criminal defendant has solemnly

admitted in open court that he is in fact guilty of the offense with which he is charged, he may not thereafter raise independent claims relating to the deprivation of constitutional rights that occurred prior to the entry of the guilty plea. He may only attack the voluntary and intelligent character of the guilty plea by showing that the advice he received from counsel was not [competent]." Id. (quoting Tollett v. Henderson, 411 U.S. 258, 267 (1973)) (alteration in original).

Leslie does not challenge the voluntariness of his guilty plea, nor does he claim that his forcibly administered antipsychotic medication handicapped his ability to comprehend his plea. Leslie's unconditional guilty plea waived all his claims relating to antecedent violations of his constitutional rights, and his due process argument would therefore not have been cognizable on direct appeal.[2]

Leslie also claims that his trial counsel was ineffective for failing to demand that the trial court provide sufficiently explicit Riggins findings justifying his forced medication. This, however, is the only argument he makes for finding ineffective assistance of trial counsel—nowhere does he claim that trial counsel's performance was in any way deficient during Defendant's consideration and entry of his guilty plea. (Aplt. Br. at 28-31.) Under Salazar and Tollett, the only

_____

[2]Although the government raised this waiver argument before the district court, it inexplicably fails to do so on appeal. The government's omission does not, however, prevent us from relying on this principle since "this court can affirm the district court's decision on any legal ground the record supports." Romano v. Gibson, 239 F.3d 1156, 1168 (10th Cir. 2001).

claims left to Leslie after his unconditional guilty plea are those attacking the jurisdiction of the sentencing court or challenging the voluntariness of his plea. Since his ineffective assistance of trial counsel claim does not include any argument that counsel's incompetence made his plea involuntary, this claim would also have been found frivolous on appeal.

Leslie has failed to identify any non-frivolous claim that should have been advanced on appeal, and his claim that appellate counsel was ineffective for failing to recognize viable claims and for encouraging him to withdraw his plea therefore fails.[3]

## 2. Leslie's second claim of ineffective assistance of appellate counsel: failure to investigate his mental health

Leslie also contends that his appellate counsel was ineffective for obtaining his consent to withdraw his direct appeal without investigating whether Leslie was sufficiently mentally competent to knowingly and voluntarily waive his right to a direct appeal. To the extent Leslie argues that his appellate counsel's actions

---

[3]Because Defendant's guilty plea has waived his claim for habeas relief based solely on the trial court's alleged Riggins violations, and because Defendant does not argue that his trial counsel was ineffective in advising him *on his guilty plea* for failing to recognize any merit his Riggins claims might have had, we decline to reach the substantive merits of his argument that the trial judge's findings supporting his forced medication orders fall short of what is required by Riggins.

deprived him of a possibly meritorious appeal, our conclusion above that Leslie has not identified any such potentially meritorious claims forecloses that line of argument. Furthermore, Leslie must show that he was prejudiced by appellate counsel's failure to investigate—i.e. Leslie must show that a sufficiently thorough investigation would have led counsel to discover that he was in fact incompetent to waive his appeal rights, and he fails to make such a showing.

As the district court noted, however, Leslie does not even claim that he was in fact mentally incompetent at the time that he agreed to withdraw his appeal. Absent some demonstration about what an appropriately thorough examination of his mental state would have revealed, Leslie's complaint before us, that appellate counsel ought to have been put on notice by his checkered psychiatric history, is beside the point.

## III. Conclusion

Since Leslie has failed to show ineffective assistance of appellate counsel, we reject that claim on its merits. We therefore also conclude that Leslie has not shown sufficient cause and prejudice to excuse his failure to exhaust his due process and ineffective assistance of trial counsel claims in state court, and the district court correctly refused to consider those claims as procedurally barred. Moreover, those procedurally barred claims were themselves fatally undermined

on their merits by Leslie's guilty plea and by his subsequent failure to challenge the voluntariness of that plea.

The district court's order dismissing Leslie's habeas petition is AFFIRMED.

ENTERED FOR THE COURT


David M. Ebel
Circuit Judge