FILED
United States Court of Appeals
Tenth Circuit

February 5, 2010

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

STEVEN MONTRAIL TRIPLET,

      Petitioner - Appellant,

  v.

ERIC FRANKLIN, Warden,

      Respondent – Appellee.

No. 06-6247
(W.D. Okla.)
(D.C. No. 5:06-CV-00376-C)

**ORDER AND JUDGEMENT**[*]

Before **KELLY**, **EBEL**, and **O'BRIEN**, Circuit Judges.

Steven Montrail Triplet, a state prisoner confined in the Oklahoma Department of

Corrections (ODOC), pled guilty as an adult in state court to attempted escape from

custody, a crime he was charged with on July 3, 2002, when he was seventeen years old.

He filed a 28 U.S.C. § 2254 petition, claiming ineffective assistance of appellate counsel

for failing to raise a seminal issue—whether the adult court had jurisdiction because he

was a juvenile. The district court denied the petition. We granted a certificate of

appealability (COA) and now affirm.

---

[*] This order and judgment is an unpublished decision, not binding precedent. 10th
Cir. R. 32.1(A). Citation to unpublished decisions is not prohibited. Fed. R. App. 32.1.
It is appropriate as it relates to law of the case, issue preclusion and claim preclusion.
Unpublished decisions may also be cited for their persuasive value. 10th Cir. R. 32.1(A).
Citation to an order and judgment must be accompanied by an appropriate parenthetical
notation – (unpublished). *Id*.

# I. OVERVIEW OF OKLAHOMA LAW

A juvenile (one under the age of 18) alleged to have committed a crime in
Oklahoma can be held accountable as (1) a child, (2) a youthful offender or (3) an adult.
If the juvenile is to be treated as a child, the case proceeds in the juvenile division of the
district court. *See* Okla. Stat. Ann. tit. 10, §§ 7301-1.3(4), 7303-4.3(A) (2000).[1] If the
court finds the allegations against the juvenile to be supported by the evidence, it enters
an order of adjudication declaring the juvenile delinquent. *Id.* § 7303-4.6(A). An
adjudicated delinquent shall not "be deemed a criminal" nor is he subject to the civil
disabilities which normally follow a criminal conviction. *Id.* § 7307-1.7(A).

Some juveniles are required to be treated as youthful offenders due to their age
and criminal conduct.[2] *See id.* § 7306-2.6(A), (B). If so treated, the case proceeds in the

---

[1] For this discussion only, we cite to the 2000 version of the Oklahoma Code
which was in effect when Triplet pled guilty to robbery with a firearm, even though his
attempted escape conviction did not occur until 2002. The differences between the 2000
and 2002 versions are insignificant for our purposes. Our remaining discussion will refer
to the version in effect at the time of the relevant offense, *see Bowman v. State*, 789 P.2d
631, 631 (Okla. Crim. App. 1990) ("It is a well established rule of law that the
appropriate criminal penalty is the penalty in effect at the time the defendant commits the
crime."), or the relevant procedure. *See Salazar v. State*, 852 P.2d 729, 737-38 (Okla.
Crim. App. 1993).

[2] Oklahoma adopted its Youthful Offender Act on January 1, 1998, "to better
ensure the public safety by holding youths accountable for the commission of serious
crimes, while affording courts methods of rehabilitation for those youths the courts
determine . . . may be amenable to such methods" and "to allow those youthful offenders
whom the courts find to be amenable to rehabilitation . . . to be placed in the custody or
under the supervision of the Office of Juvenile Affairs for the purpose of accessing the
rehabilitative programs provided by that Office and thereby, upon good conduct and
successful completion of such programs, avoid conviction for a crime." *See* Okla. Stat.
Ann. tit. 10, § 7306-2.2(B) (2000); *see also G.G. v. State*, 989 P.2d 936, 937-38 (Okla.
Crim. App. 1999).

criminal division of the district court (adult court) and the juvenile is treated in much the same manner as that of an adult. *Id.* § 7306-2.4(A)-(C); *see also In re M.B.*, 145 P.3d 1040, 1047 (Okla. 2006) ("All the rights, protections, and procedures surrounding a criminal trial are in place in a trial of a youthful offender."). Upon a finding or admission of guilt, the juvenile is sentenced as a youthful offender in the "manner provided by law for an adult for punishment of the offense committed" but the sentence may not exceed ten years. Okla. Stat. Ann. tit.10, § 7306-2.9(B); *see also In re M.B.*, 145 P.3d at 1047. However, unlike an adult who is sentenced to the county jail or to the custody or supervision of the Oklahoma Department of Corrections (ODOC), a juvenile tried and convicted as a youthful offender will generally be sentenced to the custody (juvenile facility) or supervision (probation) of the Office of Juvenile Affairs. *See* Okla. Stat. Ann. tit. 10, §§ 7306-2.6(F), 7306-2.9(A), (B), 7306-2.10(A), (B); Okla. Stat. Ann. tit. 22, § 991a(A). The Office of Juvenile Affairs must prepare a rehabilitation plan for the juvenile providing (1) the juvenile facility where the juvenile will be placed (if applicable), (2) the objectives the juvenile is expected to achieve and (3) the services the juvenile will be provided to assist him in achieving those objectives. Okla. Stat. Ann. tit. 10, § 7306-2.10(A).

The court will review the juvenile's compliance with his rehabilitation plan at least semi-annually. *Id.* § 7306-2.10(B). If, upon a hearing, the court decides the juvenile has reasonably complied with his rehabilitation plan and the public's safety will not be jeopardized, the court may discharge the juvenile without a judgment of guilt and order

the verdict or plea expunged. *Id.* § 7306-2.10(F)(1).[3] If, on the other hand, the court determines the juvenile has (1) seriously injured or endangered another person by his violent behavior, (2) escaped from a training school, (3) committed a felony while in the custody or under the supervision of the Office of Juvenile Affairs or (4) failed to substantially comply with his written rehabilitation plan, the court may enter a judgment of guilt and transfer the juvenile to the county jail or to the custody and supervision of the ODOC. *Id.* § 7306-2.10(F)(5); *see also* Okla. Stat. Ann. tit. 22, § 991a(A).

In general, once a juvenile is prosecuted and sentenced as a youthful offender, he will continue to be prosecuted as a youthful offender in all subsequent criminal proceedings until he reaches eighteen. Okla. Stat. Ann. tit. 10, § 7306-2.4(G). Prior to reaching eighteen, he will only be treated as an adult in subsequent matters if (1) the court had previously determined, after a hearing and investigation, he should receive an adult sentence because he would not reasonably comply with a rehabilitation plan or the public would not be adequately protected if he were to receive a youthful offender sentence or (2) the court certifies him to stand trial as an adult. *Id.* §§ 7306-2.4(F), 7306-2.8(A)-(E).

A juvenile may, and sometimes must, be tried as an adult. A juvenile may be certified to stand trial as an adult by the court after it considers determining factors such

---

[3] The statutes sometimes refer to the Department of Juvenile Justice, which is the branch of the Office of Juvenile Affairs responsible for the programs and services provided to juveniles alleged or adjudicated delinquent. *See* Okla. Stat. Ann. tit. 10, § 7302-2.2(A)(1) (2000). To avoid confusion, we refer only to the Office of Juvenile Affairs.

as the seriousness of the offense, whether the offense was committed against persons or property, the juvenile's sophistication and maturity, his previous record and the likelihood of reasonable rehabilitation of the juvenile in the juvenile system. *Id.* § 7303-4.3(B). Juveniles over thirteen years old accused of certain serious crimes are required by statute to be tried as adults. *Id.* § 7306-1.1(A), (B). If the juvenile is to be treated as an adult, the case proceeds as a criminal action in the district court (adult court) and if convicted, the juvenile may be sentenced to the county jail or the custody or supervision of the ODOC. *See* Okla. Stat. Ann. tit. 22, § 991a(A).

## II.    STATE TRIAL PROCEEDINGS

The facts of this case are convoluted because of the number of crimes committed by Triplet. We recite only those facts pertinent to our decision.

On October 18, 2000, Triplet, then fifteen years old, pled guilty to robbery with a firearm in Oklahoma state court.[4] Due to his age and the nature of his offense, he was required to be treated as a youthful offender under Oklahoma law. *See* Okla. Stat. Ann. tit. 10, § 7306-2.6(A)(5) (2000) ("Any person fifteen . . . years of age who is charged with . . . [r]obbery with a firearm or attempt thereof . . . shall be held accountable for his acts as a youthful offender"). He was sentenced to ten years in the custody of the Office of Juvenile Affairs. On November 15, 2000, the parties adopted a written plan of

---

[4] In several documents in the record, Triplet's plea is referred to as a plea of nolo contendere and his offense as attempted robbery with a firearm. However, because the court document imposing sentence states Triplet pled guilty to robbery with a firearm, we defer to it. In any event, we need not resolve the discrepancy because it is irrelevant to our analysis.

rehabilitation. Pursuant to that plan, Triplet was placed in a juvenile facility.

On August 3, 2001, Triplet was paroled from the juvenile facility. When he violated the conditions of his parole, he was placed in the county jail. On July 3, 2002, while in custody, Triplet, then seventeen years old, attempted to escape. Sixteen days later, on July 19, 2002, the State charged him as an adult with attempted escape from custody. However, because he was not certified to stand trial as an adult and had not previously received an adult sentence, he should have been treated as a youthful offender in the attempted escape case. *See* Okla. Stat. Ann. tit. 10, § 7306-2.4(F), (G) (2002) ("A . . . youthful offender shall be tried as an adult in all subsequent criminal prosecutions [only] if: 1. The . . . youthful offender has been certified to stand trial as an adult . . . ; or 2. The youthful offender has been certified for the imposition of an adult sentence as provided by [§] 7306-2.8 of this title and is subsequently convicted of the alleged offense . . . .")

Apparently, Triplet was released from custody after being charged with attempted escape as he went on to commit new crimes in March, September and November 2003, including possession of a controlled dangerous substance (cocaine), conspiracy to commit a felony (armed robbery), concealing stolen property and obstructing an officer, false declaration of ownership to a pawnbroker and uttering two or more bogus checks. He was charged with these offenses in the district court (adult court) sometime in 2003 (after he had turned 18).

On May 19, 2004, Triplet (then nineteen) pled guilty in adult court to the attempted escape from custody charge and the 2003 charges. He was sentenced to two

years imprisonment in the ODOC on the attempted escape charge. Relevant here, that sentence was ordered to run concurrent with several sentences he received on the 2003 charges, the longest of which was ten years. Triplet was also sentenced to two ten-year sentences (eight years suspended) on the 2003 charges. These sentences were ordered to run concurrent with each other but consecutive to the concurrent series containing the attempted escape sentence (*i.e.*, after he completed ten years).

Triplet immediately sought to withdraw his plea, alleging the district attorney intimidated and coerced him into pleading guilty. The trial court denied relief on June 1, 2004. Triplet, represented by counsel, appealed by filing a petition for writ of certiorari with the OCCA,[5] arguing the trial court abused its discretion by not allowing him to withdraw his guilty plea, his sentence was excessive, his plea was not knowing or voluntary, and he was denied due process and equal protection of the law. On November 18, 2004, the OCCA denied the petition and affirmed the judgment.

## III.      STATE POST-CONVICTION RELIEF PROCEEDINGS

On November 18, 2005, and again on November 6, 2006, Triplet filed for post-conviction relief in state court challenging his attempted escape conviction. He alleged that because he was under the age of eighteen at the time he was charged with attempting to escape and was never certified to be tried as an adult, his attempted escape conviction was void and his right to due process violated, notwithstanding that he was nineteen

_____

[5] Under Oklahoma law, "all appeals taken from any conviction on a plea of guilty shall be taken by petition for writ of certiorari to the Court of Criminal Appeals." Okla. Stat. Ann. tit. 22, § 1051(A) (2004).

- 7 -

when he pled guilty.[6]  Additionally, he claimed his appellate counsel was ineffective for

failing to raise the lack of adult certification on appeal.  The state court denied relief on

January 11, 2006.  The OCCA affirmed on March 23, 2006.  After setting forth Triplet's

claims, the OCCA stated in relevant part:

> [A]ll issues previously ruled upon by this Court are *res judicata*, and all
> issues not raised in the direct appeal [of the Attempted Escape conviction],
> which could have been raised, are waived . . . .
>
> Petitioner argues he was denied effective assistance of appellate counsel
> because appellate counsel did not raise issues Petitioner believes should
> have been raised on direct appeal.  Failure to raise each and every issue is
> not determinative of ineffective assistance of counsel and counsel is not
> required to advance every cause of argument regardless of merit.  *See
> Cartwright v. State*, 1985 OK CR 136, ¶¶ 6-8, 708 P.2d 592.  The record
> does not support Petitioner's contention he was denied effective assistance
> of appellate counsel.

(R. Doc. 10-9 at 1-2.)

## IV.        FEDERAL HABEAS PROCEEDINGS

Triplet filed this timely pro se 28 U.S.C. § 2254 habeas petition attacking his

attempted escape conviction.  He alleged (1) the state district court lacked jurisdiction to

try him as an adult on the attempted escape charge because he was seventeen when he

was charged with the offense and he was never certified to stand trial as an adult and (2)

appellate counsel was ineffective for failing to contact him to determine which issues he

---

[6] In his pro se brief, Triplet said that because he was seventeen when he committed
the offense, the adult court lacked jurisdiction to try him as an adult.  However, the
statutes requiring juveniles of certain ages to be treated as a youthful offender or an adult
refer to the juvenile being charged.  *See* Okla. Stat. Ann. tit. 10, §§ 7306-1.1(A), (B),
7306-2.6(A), (B).  We need not resolve the issue because Triplet was seventeen when he
committed the offense and at the time he was charged.  For simplicity purposes, we refer
solely to when Triplet was charged.

- 8 -

wished to raise on direct appeal. The petition was referred to a magistrate judge.

The magistrate judge recommended the petition be denied. Relevant here, the magistrate determined the OCCA, in rejecting Triplet's ineffective assistance of appellate counsel claim, necessarily concluded he was not entitled to consideration as a youthful offender on the attempted escape charge under Oklahoma law. The magistrate stated:

> The [OCCA] is the arbiter of Oklahoma law, and the improper interpretation of state law does not support a federal habeas case. Jurisdiction is no exception to the general rule that federal courts will not engage in collateral review of state court decisions based on state law . . . we are bound by a state court's conclusion respecting jurisdiction.

(R. Doc. 14 at 10 (quotations omitted).) Over Triplet's objection, the district court adopted the magistrate's recommendation and entered judgment accordingly. Triplet filed a notice of appeal which the district court construed as a request for a COA. The court denied the request for a COA, as well as Triplet's subsequent motion to proceed *in forma pauperis* (*ifp*) on appeal.

Triplet renewed his request for a COA with this Court. We concluded he was entitled to a COA on his ineffective assistance of appellate counsel claim and ordered the State to file a brief addressing: (1) whether Triplet's guilty plea to the attempted escape charge constituted a waiver of his objection to a lack of adult certification and (2) whether Triplet's claim that the State did not comply with Oklahoma law in sentencing him as an adult is cognizable in a 28 U.S.C. § 2254 proceeding. After receiving the State's brief and Triplet's reply, we appointed counsel to represent Triplet and requested supplemental briefing on the issues raised in our order granting a COA and those raised in the State's brief. Additionally, because it appeared Triplet had served his attempted

- 9 -

escape sentence at the time he filed his § 2254 petition, we directed the supplemental briefing to address whether Triplet was "in custody" on the attempted escape charge at the time he filed his § 2254 petition.

## V. DISCUSSION

Our review is governed by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"). When the state court has adjudicated a claim on the merits, we may grant relief only if the state court's decision "was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States" or "resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d). In this case, the OCCA rejected Triplet's ineffective assistance of appellate counsel claim but did not explain why. Nevertheless, its decision constituted an "adjudication on the merits," and we must defer to the OCCA's result, even though its reasoning is not expressly stated. *See Gipson v. Jordan*, 376 F.3d 1193, 1196 (10th Cir. 2004).

Because no Supreme Court precedent suggests application of a different standard, Triplet's ineffective assistance of counsel claim is controlled by the general *Strickland*[7] standard. *See Knowles v. Mirzayance*, --U.S.--, 129 S. Ct. 1411, 1419 (2009) ("[T]his Court has repeatedly applied [the *Strickland*] standard to evaluate ineffective-assistance-of-counsel claims where there is no other Supreme Court precedent directly on point.");

_____

[7] *See Strickland v. Washington*, 466 U.S. 668 (1984).

- 10 -

*see also Wright v. Van Patten,* 552 U.S. 120, 124-26 (2008) (evaluating ineffective assistance of counsel claim under *Strickland* where no Supreme Court precedent established any other standard applied). When evaluating an ineffective assistance of counsel claim under § 2254(d)(1), our review is "doubly deferential"—we defer to the state court's determination that counsel's performance was not deficient and further defer to the attorney's decision in how best to represent a client. *Knowles*, 129 S. Ct. at 1420; *Yarborough v. Gentry*, 540 U.S. 1, 5-6 (2003).

Yet a third level of deference applies. Whether appellate counsel is constitutionally ineffective for failing to raise a claim requires us to examine the merits of the omitted claim:

> If the omitted [claim] is so plainly meritorious that it would have been unreasonable to winnow it out even from an otherwise strong appeal, its omission may directly establish deficient performance; if the omitted [claim] has merit but is not so compelling, the case for deficient performance is more complicated, requiring an assessment of the issue relative to the rest of the appeal, and deferential consideration must be given to any professional judgment involved in its omission; of course, if the [claim] is meritless, its omission will not constitute deficient performance.

*See Cargle v. Mullin*, 317 F.3d 1196, 1202 (10th Cir. 2003). In this case, the merits of the omitted claim—whether the adult court had jurisdiction to take Triplet's plea and sentence him in the attempted escape case—is a question of state law to which we are bound. *See Bradshaw v. Richey,* 546 U.S. 74, 76 (2005) ("We have repeatedly held that a state court's interpretation of state law, including one announced on direct appeal of the challenged conviction, binds a federal court sitting in habeas corpus."); *see also Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991) ("[I]t is not the province of a federal habeas court to

- 11 -

reexamine state-court determinations on state-law questions."); *Chandler v. Armontrout*, 940 F.2d 363, 366 (8th Cir. 1991) (holding state court's determination that trial court had jurisdiction to accept defendant's guilty plea binding on federal court); *Wills v. Egeler*, 532 F.2d 1058, 1059 (6th Cir. 1976) ("Determination of whether a state court is vested with jurisdiction under state law is a function of the state courts, not the federal judiciary.").

With this "triple deference" in mind, we turn to the issues raised.

A.     "In custody" requirement

28 U.S.C. § 2254(a) provides:

> The Supreme Court, a Justice thereof, a circuit judge, or a district court shall entertain an application for a writ of habeas corpus in behalf of a person *in custody* pursuant to the judgment of a State court only on the ground that he is *in custody* in violation of the Constitution or laws or treaties of the United States.

(Emphasis added.)  "The 'in custody' language of § 2254 is jurisdictional and requires habeas petitioners to be 'in custody' under the conviction or sentence under attack when they file the petition." *Broomes v. Ashcroft*, 358 F.3d 1251, 1254 (10th Cir. 2004).

Triplet filed his § 2254 petition attacking his attempted escape conviction on April 6, 2006.  At that time, he had already completed his two year sentence.[8]  However, he

---

[8] In his pro se appellant brief, Triplet stated he was "no longer in custody on the challenged offense because [he] has already discharged that prison sentence" and referred to "Doc. 4." (Appellant's Br. at 2.)  Because that document appeared to indicate he had completed his attempted escape sentence on December 22, 2004, we requested supplemental briefing from the parties as to whether Triplet was "in custody" on the attempted escape charge at the time he filed his § 2254 petition.  In the supplemental briefs, neither Triplet (who was represented by appointed counsel) nor the State contested the December 22, 2004 date as the date of discharge.  However, in his supplemental

- 12 -

was still serving the eight years remaining on the sentences that were ordered to run concurrent with his attempted escape sentence (the concurrent series). Additionally, he had yet to serve the two concurrent ten-year sentences (eight years suspended) which were ordered to run consecutive to the concurrent series. *See* hyperlink, n.8. The fact the attempted escape sentence was part of a consecutive series, with sentences remaining to be served within the consecutive series at the time he filed his § 2254 petition, is critical.

In *Peyton v. Rowe*, two state prisoners serving consecutive sentences filed federal habeas petitions attacking convictions whose sentences were set to run second in the consecutive series, *i.e.*, convictions whose sentences they were not yet serving. 391 U.S. 54, 55-57 (1968). Nevertheless, the Supreme Court determined they were "in custody" on the second convictions for purposes of federal habeas relief. It held that when a habeas petitioner is in custody under consecutive state sentences, those sentences should be considered in the aggregate or as a continuous series. *Id*. at 64-65. It reasoned that one of the purposes of the habeas corpus writ is to provide "swift judicial review of alleged unlawful restraints on liberty" and it is in both the government and defendant's interests to have the claims determined before the lapse of time prejudices the truth-

---

filings, Triplet referred to a document indicating Triplet's reception date into the ODOC was December 22, 2004. Therefore, it is impossible for him to have completed his sentence on that date. Moreover, performing an offender search on the ODOC's website, of which we take judicial notice, *see* Fed. R. Evid. 201, has revealed Triplet began his attempted escape sentence on December 22, 2004, and completed it on May 7, 2005. *See* http://docapp065p.doc.state.ok.us/servlet/page?_pageid=394&_dad=portal30&_schema=PORTAL30&doc_num=489669&offender_book_id=286523. These dates are more logical, given that Triplet did not enter his guilty plea until May 19, 2004. In any event, Triplet had already served his attempted escape sentence at the time he filed his § 2254 petition.

finding process. *Id.* at 59-64. Therefore, a prisoner serving consecutive sentences should not have to wait to challenge a sentence until he is actually serving it. Consequently, the Court determined the prisoners were considered "in custody" on the second sentence while they were serving the first sentence in the consecutive series. *Id.* at 67.

*Peyton's* holding was extended in *Garlotte v. Fordice*, 515 U.S. 39 (1995). There, a state prisoner serving consecutive sentences filed a § 2254 petition challenging the conviction whose sentence had already run. Relying on *Peyton*, specifically the fact that consecutive sentences are considered a continuous series, the Supreme Court held the prisoner was "in custody" for purposes of federal habeas relief. *Id.* at 41. A petitioner incarcerated under consecutive sentences "remains 'in custody' under all of his sentences until all are served."[9] *Id.*; *see also Foster v. Booher*, 296 F.3d 947, 949-50 (10th Cir. 2002) (concluding petitioner was "in custody" under § 2254 even though he had served the sentence on the challenged conviction because that sentence ran consecutive to sentences which had not yet been served).

The continuing series rationale of *Garlotte* and *Foster* controls here. Because Triplet's attempted escape sentence was part of a consecutive series, he remained "in custody" on that sentence for purposes of federal habeas relief until all of the sentences in the consecutive series were served. At the time he filed his habeas petition, he had yet to serve the two concurrent ten-year (eight years suspended) sentences ordered to run

---

[9] There was no need for the Court to carve out a similar rule for concurrent sentences. Because they run simultaneously, a defendant sentenced to concurrent sentences naturally remains "in custody" until all are served.

- 14 -

consecutive to the concurrent series containing the attempted escape sentence. Consequently, Triplet was "in custody" on the attempted escape conviction when he filed his petition even though he had already served the sentence. The State does not contend otherwise.

B.    Justiciability

Federal habeas corpus relief under § 2254 does not lie to correct mere errors of state law. *See* 28 U.S.C. § 2254 ("The Supreme Court, a Justice thereof, a circuit judge, or a district court shall entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court *only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States.*") (emphasis added); *Estelle*, 502 U.S. at 67. "[I]t is not the province of a federal habeas court to reexamine state-court determinations on state-law questions. In conducting habeas review [of persons in state custody], a federal court is limited to deciding whether a conviction violated the Constitution, laws, or treaties of the United States." *Estelle*, 502 U.S. at 67-68.

Triplet's claim alleges a violation of the federal constitution, specifically, a criminal defendant's Sixth and Fourteenth Amendment right to effective assistance of counsel on a first appeal of right. *See Evitts v. Lucey*, 469 U.S. 387, 392, 396 (1985). Oklahoma affords criminal defendants an appeal as a matter of right. *See* Okla. Stat. Ann. tit. 22, § 1051(a) (2004) ("An appeal to the Court of Criminal Appeals may be taken by the defendant, as a matter of right from any judgment against him . . . ."). Triplet's claim is cognizable under § 2254.

- 15 -

C.      Effect of Guilty Plea

Triplet pled guilty to the attempted escape charge.  A voluntary guilty plea waives all non-jurisdictional defects.  *See Berget v. State*, 824 P.2d 364, 372 (Okla. Crim. App. 1991).  But Triplet alleges his guilty plea (even though entered as an adult) could not waive a jurisdictional defect—without adult certification, the adult court lacked jurisdiction over the attempted escape charge, which he was charged with when he was a juvenile.  So, according to Triplet, his claim that appellate counsel was ineffective for failing to raise the jurisdictional defect also survives.[10]

We agree Triplet's guilty plea did not waive his ineffective assistance claim but for a different reason.  A guilty plea only waives claims "that occurred *prior to* the entry of the guilty plea."  *Tollett v. Henderson*, 411 U.S. 258, 267 (1973) (emphasis added); *see also Berget*, 824 P.2d at 372 ("[A] guilty plea waives all *previous* non-jurisdictional defects . . . .") (emphasis added).  Triplet's ineffective assistance of appellate counsel claim did not arise until after his plea.  Therefore, it was not waived by the plea.  But that is not the end of the inquiry.

Triplet's guilty plea to the attempted escape charge is significant in a different

---

[10] In his pro se brief, Triplet makes a conclusory and perfunctory claim that his guilty plea was forced and therefore involuntary.  Appointed counsel makes no such argument in the supplemental brief.  Because Triplet has not explained how his plea was forced or presented any argument on the issue, we will not address it.  *See United States v. Wooten*, 377 F.3d 1134, 1145 (10th Cir. 2004) ("The court will not consider . . . issues adverted to in a perfunctory manner, unaccompanied by some effort at developed argumentation.") (quotations omitted).  In any event, this argument was denied by the state trial court after a hearing and the OCCA affirmed.  We defer to the state courts and indeed see no basis for disagreement.

- 16 -

regard. Appellate counsel cannot be considered ineffective for failing to raise a claim on direct appeal that would have been deemed waived by Triplet's guilty plea, *i.e.*, a non-jurisdictional claim. *See Leslie v. Abbott*, 117 Fed. Appx. 72, 75-77 (10th Cir. 2004) (unpublished); *see also United States v. Simmons*, 142 F.3d 1279, No. 97-40678, 1998 WL 224564, at *3 (5th Cir. Apr. 21, 1998) (unpublished).[11] Indeed, in Oklahoma, an appeal from a conviction upon a plea of guilty (a certiorari appeal) "is limited to two inquiries: (1) whether the guilty plea was made knowingly and voluntarily; and (2) whether the district court accepting the guilty plea had jurisdiction to accept the plea." *Cox v. State*, 152 P.3d 244, 247 (Okla. Crim. App. 2006); *see also* Okla. Stat. Ann. tit. 22, § 1051(a), (c) (2004) (stating "[t]he scope of review to be afforded on certiorari shall be prescribed by the Court of Criminal Appeals"). In other words, absent a claim the plea was not knowingly or voluntarily made (a claim appellate counsel raised and the OCCA rejected in this case), a certiorari appeal is limited to whether the court accepting the plea had jurisdiction. Consequently, if the lack of adult certification did not deprive the district court of jurisdiction, appellate counsel cannot be deemed ineffective for failing to raise it as such a claim would have been waived by Triplet's guilty plea and would have been outside the scope of the OCCA's review. Therefore, although a merits issue, we consider here whether the lack of adult certification is jurisdictional.

Two claims were before the OCCA: (1) Triplet's attempted escape conviction was

---

[11] Unpublished opinions are not binding precedent. 10th Cir. R. App. P. 32.1(A). We mention *Leslie*, *Simmons* and the other unpublished cases cited in this opinion as we would any other non-precedential authority.

void and his due process rights violated because he was seventeen at the time he was charged with the offense and was never certified to be tried as an adult, and (2) appellate counsel was ineffective for failing to raise this issue on direct appeal. The OCCA concluded all claims which could have been but were not raised on direct appeal were waived and appellate counsel was not ineffective. Obviously, the waiver ruling pertained to Triplet's first claim as his second claim could not have been raised on direct appeal. In Oklahoma, issues of subject matter jurisdiction cannot be waived and can be raised for the first time on collateral review. *See Wallace v. Oklahoma*, 935 P.2d 366, 372 (Okla. Crim. App. 1997) ("[E]ven though not raised on direct appeal, issues of subject matter jurisdiction are never waived and can therefore be raised on a collateral appeal."). Thus, the OCCA evidently did not consider Triplet's first claim jurisdictional because it deemed it waived. We are bound by this state law determination. *See Bradshaw,* 546 U.S. at 76; *Estelle*, 502 U.S. at 67-68; *Chandler*, 940 F.2d at 366; *Wills*, 532 F.2d at 1059.

The OCCA did not explain its conclusion but our own review of Oklahoma law convinces us it is correct. Triplet was tried and sentenced as a youthful offender in the robbery case. Therefore, as stated previously, he should have been treated as a youthful offender, not as an adult, in the attempted escape case. But, even had he been properly treated as a youthful offender, his prosecution and sentencing would have proceeded before the district court (adult court). *See* Okla. Stat. Ann. tit. 10, § 7306-2.4(A)-(C), 7306-2.9(A), (B). Therefore, whether treated as a youthful offender or as an adult, the district court clearly had the authority, and jurisdiction, to accept Triplet's plea and

sentence him in the attempted escape case. *See Puckett v. Cook*, 586 P.2d 721, 723 (Okla. 1978) ("Jurisdiction includes power to hear and decide a justiciable controversy."); *Welch v. Focht*, 171 P. 730, 733 (Okla. 1918) ("Jurisdiction is the power to hear and determine the subject-matter in controversy between parties to a suit, to adjudicate or exercise any judicial power over them . . . . If the law confers the power to render a judgment or decree, then the court has jurisdiction.") (quotations omitted).

The only error in this case occurred when the district court sentenced Triplet to the ODOC. In general, a district court sentences a youthful offender to the custody or supervision of the Office of Juvenile Affairs. *See* Okla. Stat. Ann. tit. 10, § 7306-2.9(B). A district court may, however, sentence a youthful offender to the custody or supervision of the ODOC if it certifies the juvenile to receive an adult sentence. *Id.* § 7306-2.8(B). The State initiates the certification process by filing a motion for certification. *Id.* § 7306-2.8(A). The court then orders an investigation (unless waived by the juvenile) and holds a hearing, at which it considers, *inter alia*, the nature of the alleged offense, the juvenile's sophistication and maturity, his previous record, the likelihood of reasonable rehabilitation of the youthful offender in the juvenile system if he is found to have committed the offense and whether the offense occurred while the person was escaping from a secure facility. *Id.* § 7306-2.8(C). If, after the hearing, the court determines there is good cause to believe the juvenile would not reasonably complete a plan of rehabilitation or the public would not be adequately protected if the juvenile was sentenced as a youthful offender, it may certify the juvenile to receive an adult sentence. *Id.* § 7306-2.8(D). The certification must occur prior to the juvenile pleading guilty so he

- 19 -

will know the range of punishment he is facing by pleading guilty. *See A.J.B. v. State*, 992 P.2d 911, 912-13 (Okla. Crim. App. 1999) (interpreting § 7306-2.8(A) as requiring completion of the proceedings on the State's motion for adult sentencing before a guilty plea is entered or accepted so juvenile will know range of punishment he is facing if plea entered). If the court certifies the juvenile to receive an adult sentence, it shall, "upon . . . the entry of a plea of guilty . . . , impose sentence as provided by law for an adult for punishment of the offense committed." Okla. Stat. Ann. tit. 10, § 7306-2.8(E).

In this case, the district court sentenced Triplet to the ODOC without first certifying him to receive such sentence prior to his guilty plea. But that failure did not divest the district court of subject matter jurisdiction, which it acquired upon the filing of the criminal information. *See M.K.H. v. State*, 946 P.2d 677, 679 (Okla. Crim. App. 1997) ("[A] trial court's jurisdiction is triggered by the filing of an Information alleging the commission of a public offense with appropriate venue. And the general rule is that once the District Court has jurisdiction of the subject matter and the person, it will not be defeated or divested by subsequent events.") (citation and quotations omitted); *see also Turk v. Corywell*, 419 P.2d 555, 558 (Okla. 1966) ("The general rule is that when jurisdiction of the subject matter and the person is once acquired it will not be defeated or divested by subsequent events."); *c.f. Mason v. State*, 868 P.2d 724, 726-27 (Okla. Crim. App. 1994) (once the district court acquired adult jurisdiction over a juvenile due to his having been charged with a crime requiring him to be tried as an adult, the court retained jurisdiction to convict and sentence the juvenile for any lesser included offense, even a non-enumerated offense). Indeed, the Oklahoma district courts are courts of general

- 20 -

jurisdiction constitutionally endowed with unlimited original jurisdiction of all justiciable matters. *See* OKLA. CONST. art. 7, §§ 7(a) ("The District Court shall have unlimited original jurisdiction of all justiciable matters, except as otherwise provided in this Article . . . ."), 7(b) ("All Courts in the State of Oklahoma . . . are hereby abolished . . . and their jurisdiction, functions, powers and duties are transferred to the respective District Courts . . . ."); *see also* Okla. Stat. Ann. tit. 20, § 91.1 ("The district courts of the State of Oklahoma are the successors to the jurisdiction of all other courts, including the . . . Juvenile Courts . . . ."). The error in this case was more appropriately one of due process (*i.e.*, a non-jurisdictional violation). But Triplet waived any due process claim by pleading guilty. *See Berget,* 824 P.2d at 372; *United States v. Wright,* 43 F.3d 491, 494 (10th Cir. 1994); *United States v. Trevizo-Miramontes*, 20 Fed. Appx. 823, 825 (10th Cir. 2001) (unpublished). And, in any event, certiorari appeal is not available in Oklahoma for such non-jurisdictional claims. Therefore, appellate counsel was not ineffective for failing to raise the issue.[12]

---

[12] We acknowledge the OCCA has held the district court (adult court) cannot obtain jurisdiction to try a juvenile as an adult absent a certification proceeding. *See, e.g., Edwards v. Oklahoma*, 591 P.2d 313, 319 (Okla. Crim. App. 1979) ("The district court could not obtain jurisdiction to try a juvenile as an adult without a certification proceeding."); *see also Bishop v. Oklahoma*, 595 P.2d 795, 796 (Okla. Crim. App. 1979) (holding juvenile could not waive the juvenile court's jurisdiction by confessing to a motion to certify); *Ex Parte Dickerson*, 94 P.2d 951, 954 (Okla. Crim. App. 1939) ("[a]s to all juvenile offenses, the district court is a court of limited or special jurisdiction, and not a court of general jurisdiction"; without a certificate from the juvenile court showing the juvenile competent to know the wrongfulness of his acts and probable cause to believe he committed the crime, the district court was without jurisdiction over the juvenile's prosecution). We question the continued viability the use of the word "jurisdiction" in these cases given the general jurisdiction of Oklahoma's district courts and the fact that when Oklahoma abolished its juvenile courts in 1968, it transferred their

Even assuming, *arguendo*, the issue is a jurisdictional (non-waivable) issue under Oklahoma law, appellate counsel was only ineffective under <u>federal law</u> if (1) the lack of adult certification issue was plainly meritorious or (2) the issue was not plainly meritorious but nevertheless should have been raised when assessed against the other potential issues to be raised. *See Cargle*, 317 F.3d at 1202; *see also Smith v. Robbins*, 528 U.S. 259, 285, 288 (2000). However, whether the lack of adult certification issue had merit is plainly one of <u>Oklahoma law</u>. Again, "it is not the province of a federal habeas court to reexamine state court determinations on state-law questions." *Estelle*, 502 U.S. at 67-68. In this case, the OCCA did not explain why it rejected Triplet's ineffective assistance of appellate counsel claim. But implicitly, the OCCA must have concluded the lack of adult certification issue was meritless or had merit but was not so compelling in light of the rest of the appeal. We will not, and cannot, second-guess this determination of Oklahoma law. Deferring to this determination and applying the double deference accorded an ineffective assistance of counsel claim evaluated under the § 2254(d)(1), *see Knowles*, 129 S. Ct. at 1420, we cannot say the OCCA's conclusion that Triplet's appellate counsel was not ineffective for failing to raise the lack of adult certification issue was an unreasonable application of *Strickland*.

jurisdiction to the district courts. *See* OKLA. CONST. art. 7, §§ 7(a), 7(b); Okla. Stat. Ann. tit. 20, § 91.1. In any event, we need not resolve the issue. These cases occurred prior to Oklahoma enacting its Youthful Offender Act on January 1, 1998. Prior to the Act, a juvenile would be tried as a child in the juvenile division of the district court unless certified to be tried as an adult or statutorily required to be tried as an adult due to his age and the nature of his offense. Under the Act, a juvenile can be held accountable as a child, youthful offender or adult. If treated as a youthful offender, the juvenile, like an adult, is tried and sentenced by the district court (adult court).

**AFFIRMED.**[13]

**Entered by the Court:**

**Terrence L. O'Brien**
United States Circuit Judge

---

[13] Triplet filed an application to proceed *ifp* on appeal with this Court at the inception of this appeal. We **GRANT** his application.